## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| TONY LAMAR PINKARD, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO.:  3:07-CV-70-MEF |
| | ) |
| CRAIG DAVIDSON, | ) |
| | ) |
|     Defendant. | ) |

### DEFENDANT'S SPECIAL REPORT

COMES NOW Defendant Captain Craig Davidson (hereafter, "Captain Davidson" or Defendant"), and submits his Special Report to the Court as follows:

### I.     INTRODUCTION

The Plaintiff filed his Complaint in the United States District Court for the Middle District of Alabama on January 23, 2007.  In his Complaint, the Plaintiff alleges that Defendant subjected him to cruel and unusual punishment and police brutality.[1]  On January 24, 2007, the Court ordered Defendant to file a Special Report.

### II.     PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that he was subjected to cruel and inhumane punishment and police brutality, in contravention of the Eighth Amendment and Fourteenth Amendments to the United States Constitution, respectively.

### III.     DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendant Craig Davidson denies the allegations made against him by the Plaintiff, as said allegations are untrue and completely without basis in law or fact.

---

[1]  This statement of the issues and claims made by Plaintiff are based upon Plaintiff's Complaint and the undersigned's interpretation of the issues raised.

## A.    FACTS

The Plaintiff in this action, Tony Lamar Pinkard, Sr., was incarcerated at the Randolph County Jail (the "Jail") on January 8, 2007, on charges of Failure to Appear for Child Support, Domestic Violence (Harassment), and Driving Under the Influence.  (See Inmate Tony Lamar Pinkard's Inmate File (hereafter, "Inmate File"), attached hereto as Exhibit A and incorporated herein as if fully set forth.)  The Plaintiff was a pre-trial detainee.

At the time of the Plaintiff's incarceration, the Jail had a policy forbidding the use of excessive force by Jail employees.  (Affidavit of Craig Davidson (hereafter, "Davidson Aff."), attached herewith and incorporated herein as Exhibit B, at ¶ 4; Affidavit of Stacy Boyd (hereafter, "Boyd Aff."), attached herewith and incorporated herein as Exhibit C, at ¶ 4; Affidavit of Matthew Fendley (hereafter, "Fendley Aff."), attached herewith and incorporated herein as Exhibit D, at ¶ 4; Affidavit of Ronald Smith (hereafter, "Smith Aff."), attached herewith and incorporated herein as Exhibit E, at ¶ 4.)  It is a violation of Jail policy to use excessive or unnecessary force towards an inmate.  Id.

On the night of January 8, 2007, and the morning of January 9, 2007, Corrections Officer Ronald Smith witnessed and heard the Plaintiff making a great deal of noise all night long, beating on his cell door, yelling, cursing, generally making an excessive amount of noise, and keeping other inmates awake.  (Smith Aff. at ¶ 9.)  On or about January 9, 2007, Officer Smith was handing out breakfast trays when the Plaintiff started beating on the door and asking for another breakfast tray.  Id.  Officer Smith informed the Plaintiff that there were no extra breakfast trays to give him.  Id.  When Officer Smith went to pick up the Plaintiff's breakfast tray, the Plaintiff started beating on the door again and complained about the jail lights not coming on.  Id.  Officer Smith reported the foregoing observations in an incident report for Captain Davidson's review.  Id.

Later that day (January 9, 2007) Captain Davidson received and reviewed the report from Officer Smith that the Plaintiff had been making an unreasonable amount of noise throughout the previous night, banging on doors, yelling, and cursing at the Jail staff.  (Davidson Aff. at ¶ 9; Smith Aff. at ¶ 9.)  The Plaintiff's activity was disruptive to the Jail and potentially agitating to the other inmates.  (Davidson Aff. at ¶ 9.)  Captain Davidson determined that for administrative reasons, the Plaintiff should be placed alone in a holding cell until he calmed down.  Id.

When Captain Davidson notified the Plaintiff that he was being moved to a holding cell, he refused to comply and was verbally abusive and argumentative.  (Davidson Aff. at ¶ 10; Fendley Aff. at ¶ 9.)  Captain Davidson warned the Plaintiff three (3) times that he must comply with his directions and, should he continue to refuse, that he would be sprayed with chemical spray.  Id.  Nevertheless, the Plaintiff continued to refuse to comply with the directions to exit his cell block and accompany Captain Davidson to a holding cell, and continued to curse and argue.  Id.  Captain Davidson then proceeded to spray the Plaintiff with chemical spray, which enabled him to handcuff the Plaintiff without injury to either party.  (Id.;  Boyd Aff. at ¶ 9.)

Though Captain Davidson was finally able to get his handcuffs on the Plaintiff, the Plaintiff was struggling so hard that Captain Davidson was unable to "double lock" the handcuffs.  (Davidson Aff. at ¶ 11.)  Double locking handcuffs prevents them from tightening on the wrists any further.  Id.  Because the Plaintiff's vigorous resistance did not permit Captain Davidson to double lock the handcuffs, it is possible that the handcuffs tightened on his wrists to the point where the Plaintiff felt some pain.  Id.  However, the Plaintiff was not handcuffed longer than a few minutes, and there were no visible signs of injury to the Plaintiff's wrists when the handcuffs were later removed.  Id.

Jail policy requires that any inmate who is subject to chemical spray be "decontaminated" as soon as reasonably possible.  (Davidson Aff. at ¶ 12; Boyd Aff. at ¶ 9.)  Therefore, Captain

3

Davidson proceeded to escort the Plaintiff to an outside Jail yard for decontamination. (Davidson Aff. at ¶ 12.)  However, the Plaintiff remained physically resistant and, even after being handcuffed, attempted to resist being escorted to the Jail yard.  Id.  At one point while passing through a doorway, the Plaintiff attempted to pull away from Captain Davidson, which forced him to pin the Plaintiff against a wall to regain control.  Id.  However, the Plaintiff was not injured during that incident.  Id.

After the parties reached the jail yard, Captain Davidson used a garden hose to spray water on the Plaintiff's head, along with shampoo, in order to wash the chemical spray off of the Plaintiff's head and face.  (Davidson Aff. at ¶ 13; Smith Aff. at ¶ 10; Boyd Aff. at ¶ 9.)  During this process, the Plaintiff continued to struggle and resist, and consequently, the Plaintiff hit his own head against the water hose.  (Davidson Aff. at ¶ 13.)  However, upon immediate examination, the Plaintiff did not exhibit any mark on his head, and Captain Davidson did not observe any blood.  (Id.; Boyd Aff. at ¶ 9.)  The Plaintiff did not complain at the time that he had hit his head.  (Davidson Aff. at ¶ 13.)The Plaintiff was then escorted to a holding cell and Captain Davidson retrieved his asthma inhaler for his use.  (Id.; Boyd Aff. at ¶ 9.)

The force used in the aforementioned incident was restricted to the minimum force necessary to remove the Plaintiff from his cell, maintain control of him while escorting him through the jail, and decontaminate him as a result of the chemical spray.  (Davidson Aff. at ¶ 14; Fendley Aff. at ¶ 11.)  At no time was the Plaintiff struck, kicked, or otherwise assaulted by Captain Davidson or any other correctional officer.  Id.  Though the Plaintiff was verbally belligerent and physically abusive, at no time did Captain Davidson threaten to kill the Plaintiff. Id.  The Plaintiff was not injured in any way during the incident.  (Id.; Boyd Aff. at ¶ 9.)  Jail records reveal no medical assistance or request for medical assistance related to this incident. (Davidson Aff. at ¶ 14; Fendley Aff. at ¶ 11.)  However, the Plaintiff's hands and/or wrists were

4

examined on January 16 and January 23, 2007, while he was incarcerated in the Lee County Jail. (Medical File of Inmate Tony Lamar Pinkard, attached herewith as Exhibit F and incorporated herein as if fully set forth.)  The Plaintiff did not request medical assistance for any head injury from the alleged beating with the water hose.  Id.

There is one video camera in the Jail that would monitor the Plaintiff's cell block and cell.  (Davidson Aff. at ¶ 15; Fendley Aff. at ¶ 12; Boyd Aff. at ¶11; Smith Aff. at ¶ 11.) However, that camera is for monitoring purposes only, and does not record.  Id.

At the time of the Plaintiff's incarceration, the Jail had an inmate grievance procedure. (Davidson Aff. at ¶ 4; Fendley Aff. at ¶ 4; Boyd Aff. at ¶ 4; Smith Aff. at ¶ 4.)  Grievances were required to be in writing and could be filed with any member of the Jail staff.  Id.  Jail policy provided an exception that allowed emergency grievances to be made orally.  Id.  Grievances related to Captain Davidson went directly to the Jail Administrator.  Id.  Grievance resolutions could be appealed to the Randolph County Sheriff.  Id.  Copies of all written grievances were placed in the inmate's file.  Id.  It was a violation of Jail policy to deny an inmate access to the grievance procedure.  (Davidson Aff. at ¶ 6; Fendley Aff. at ¶ 6; Boyd Aff. at ¶ 6; Smith Aff. at ¶ 6.)  The Plaintiff was aware of the grievance procedure.  (Davidson Aff. at ¶ 5; Fendley Aff. at ¶ 5; Boyd Aff. at ¶ 5; Smith Aff. at ¶ 5.)  The Plaintiff did not file a grievance with regards to the incident underlying his Complaint.  (Davidson Aff. at ¶ 7; Fendley Aff. at ¶ 7; Boyd Aff. at ¶ 7; Smith Aff. at ¶ 7; Inmate File.)

**B.    LAW RELATING TO THE PLAINTIFF'S ALLEGATIONS**

   **1.    The Plaintiff's Claims are Barred by the Prison Litigation Reform Act for Failure to Exhaust Administrative Remedies.**

The Prison Litigation Reform Act requires exhaustion of all available administrative remedies ***before filing a lawsuit*** under 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a) (2005). Exhaustion is required for "all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. As a result, his claims are barred.

First, the Plaintiff failed to properly utilize the grievance procedure provided at the local level in the Jail to address his claims prior to the filing of this lawsuit. The Jail had a grievance procedure. The Plaintiff never filed a grievance related to any of his claims.

Second, Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies). Alabama law provides the opportunity to file a claim and proceed before the Alabama State Board of Adjustment pursuant to Ala. Code § 41-9-60 et seq.

As State officials, Sheriffs and Jailers enjoy sovereign immunity from suit under Article I, § 14 of the Alabama Constitution. Turquitt, 137 F.3d at 1288-89. Consequently, a claim for monetary damages against the Defendant is, in essence, a claim against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Because both the Jail and the State provided administrative remedies that the Plaintiff failed to exhaust, the Plaintiff's claims are barred by 42 U.S.C. § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of present action due to failure to exhaust administrative remedies).

   **2.    The Plaintiff's Eighth Amendment Claim of Cruel and Unusual Punishment is Due to be Dismissed Because the Plaintiff Was a Pre-Trial Detainee, and the Eighth Amendment Only Applies to Convicted Inmates.**

The Plaintiff makes two (2) claims: cruel and unusual punishment and police brutality. However, the Plaintiff was arrested and incarcerated in the Randolph County Jail for Failure to

Appear on three (3) different charges.  Because he had not yet been convicted of a charge, or any of the underlying charges, his status at the time of the incident was pre-trial detainee.  However, the Eighth Amendment does not apply to pre-trial detainees, but only to convicted prisoners.  City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983); Ingraham v. Wright, 430 U.S. 651, 671-672, n. 40 (1977); Bell v. Wolfish, 441 U.S. 520, 535, n. 16, (1979).  Therefore, the Plaintiff's Eighth Amendment claim of cruel and unusual punishment must be dismissed as a matter of law.

> **3.    The Defendant, in His Official Capacity, Is Entitled to Judgment in His Favor as a Matter of Law.**

In his Complaint, the Plaintiff has not designated whether he is suing Captain Davidson in his official or individual capacity.  Out of an abundance of caution, to the extent the Plaintiff's Complaint can be construed as making official capacity claims, the Eleventh Amendment bars such claims.  Additionally Defendant, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.

> **(a)    All official capacity claims against Captain Davidson are barred by the Eleventh Amendment to the United States Constitution.**

The Plaintiff's official capacity claims are due to be dismissed for lack of subject matter jurisdiction.  Captain Davidson is an executive officer of the State of Alabama.  Therefore, a suit against him, in his official capacity, is a suit against the State of Alabama.  See Hafer, 502 U.S. at 25; Lancaster, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. at 165-66.  Because this suit is, in effect, a suit against the State of Alabama, the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims under § 1983.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992); Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official

capacity is entitled to Eleventh Amendment immunity).  Thus, this Court lacks subject matter jurisdiction over these claims.

    (b)    **Defendant, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983.  The United States Supreme Court has held that a State official sued in his or her official capacity, is not a "person" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, any claims against Captain Davidson, in his official capacity, are due to be dismissed because Defendant is not a "person" under § 1983, and therefore, these claims fail to state a claim upon which relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

    4.    **Defendant is Entitled to Qualified Immunity.**

Captain Davidson is entitled to judgment in his favor as a matter of law as to the Plaintiff's claim because he is entitled to qualified immunity.  Once a defendant has asserted the defense of qualified immunity and demonstrated that he was acting within his discretionary authority, the burden shifts to the plaintiff who must first demonstrate from the record that the defendant officially violated his federally protected rights.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a Constitutional right?"  Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a Constitutional violation is stated, were these rights "clearly established" to the degree that Captain Davidson

had "fair warning" that his conduct violated the Plaintiff's Constitutional rights?  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of Captain Davidson was clearly established as being violative of cConstitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A Constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir. 1998).  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the State where the case arose."  Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Captain Davidson is entitled to qualified immunity for two (2) reasons.  First, the Plaintiff cannot meet his burden of showing that Captain Davidson violated his Fourteenth Amendment right to be free from excessive force.  Second, even if the evidence in the record did show a Constitutional violation, the Plaintiff cannot point to any contemporaneous clearly established law that provided Captain Davidson with "fair warning" that his conduct was illegal.

(a)     **Captain Davidson did not subject the Plaintiff to excessive force.**

The Plaintiff cannot meet his burden to establish a Constitutional violation for two (2) reasons.  First, Captain Davidson's actions were done for a proper purpose and not for the purpose of causing harm.  Second, the Plaintiff's injuries were *de minimis*.

(i)     **Captain Davidson Used Force for a Legitimate Penological Purpose.**

The standard used in analyzing excessive force claims in jail settings based on the Fourteenth Amendment has been described by the United States Supreme Court as follows:

"whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1984); Bozeman v. Orum, 422 F.3d 125 (11th Cir. 2005). In Hudson v. McMillian, the United States Supreme Court reasoned:

> [C]orrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmate. . . . Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

503 U.S. 1, 6 (1992) (citations omitted). The factors to be considered in evaluating whether the use of force was wanton and unnecessary include: 1) the need for application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. Whitley, 475 U.S. at 1085.

"The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley, 475 U.S. at 319.[2] In evaluating the challenged conduct of jail officials, a court must keep in mind the paramount concerns of maintaining order and discipline in an often dangerous and unruly environment. Ort v. White, 813 F.2d 318, 322 (11th Cir. 1987).

> Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. . . . That deference extends to prison security measures taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

---

[2] The Supreme Court of the United States has recognized that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396 (1989); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

Whitley, 475 U.S. at 321-322. "[T]he courts give great deference to the actions of prison officials in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline." Williams v. Burton, 943 F.2d 1572, 1576 (11th Cir. 1991). "When the 'ever-present potential for violent confrontation and conflagration,' . . . ripens into *actual* unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators,' . . . carries special weight." Whitley, 475 U.S. at 321 (emphasis in original). In Whitley, the court held that the "shooting [of an inmate in the leg] was part and parcel of a good-faith effort to restore prison security . . . [and] did not violate respondent's Eighth Amendment right to be free from cruel and unusual punishments." 475 U.S. at 319.

While placed in the context of a Fourth Amendment excessive force claim, courts have employed standards that are equally applicable to similar claims under the Fourteenth Amendment. "In analyzing whether excessive force was used, courts must look at the totality of the circumstances." Garrett v. Athens-Clarke County, 378 F.3d 1274, 1280 (11th Cir. 2004). "We must look at the situation not with hindsight, but with the eye of the objectively reasonable officer on the scene." Garrett, 378 F.3d at 1281. Analyzing a use of force claim "requires an evaluation of the officers' reasonable apprehension to assess their responses to the circumstances confronting them, particularly in a rapidly evolving situation." Carr v. Tatangelo, 338 F.3d 1259, 1268 n.17 (11th Cir. 2003).

The instant record demonstrates conclusively that Captain Davidson did not use his chemical spray maliciously, but for the legitimate purpose of enforcing the policies of the Randolph County Jail. An analysis of the instant record and the Whitley factors shows that as a matter of law, Captain Davidson did not use excessive force.

**(ii)    There was a strong need for force to be applied to the Plaintiff.**

The first factor to consider under <u>Whitley</u> is the need for force. 475 U.S. at 1085. Here, there was a strong need for force due to the Plaintiff's noncompliance with Captain Davidson's reasonable orders, even after being warned three (3) times that noncompliance would result in spraying.

Captain Davidson determined that the Plaintiff should be put in a holding cell for administrative purposes. (Davidson Aff. at ¶ 9.) The policy was implemented for the legitimate safety and security concerns of calming the Plaintiff down so that he did not disturb or incite the other inmates. <u>Id.</u> As the United States Supreme Court has noted, this Court should give great deference to Captain Davidson:

> Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

<u>Id.</u> at 548 n.30 (quoting <u>Procunier v. Martinez</u>, 416 U.S. 396, 404-05 (1974)).

The Plaintiff's actions, as documented in the record, demonstrate that he was non-compliant with requests to change cells. The Plaintiff refused at least three (3) separate requests to gather his belongings and move to the holding cell. Nevertheless, the Plaintiff was verbally non-compliant with Captain Davidson's instructions. The Plaintiff was using profanity.

The Plaintiff was able to continue struggling with Captain Davidson even after being sprayed and handcuffed, to the point that Captain Davidson was not even able to double lock the

handcuffs.  At no point did the Plaintiff show any signs of complying with the officers.  At one point, the Plaintiff was struggling so hard to get away from the control of Captain Davidson that the Defendant was required to pin him against a wall to regain control.  Even while being decontaminated – pursuant to a policy intended to minimize the discomfort to the Plaintiff himself – the Plaintiff continued to thrash about so indiscriminately that he hit himself with a water hose.

The above facts and law lead to the inescapable conclusion that there was a legitimate need for force in this case.  The Plaintiff was refusing to follow legitimate instructions intended for his own safety and well being, as well as the safety and well being of the other inmates and the jail staff.  Captain Davidson had three (3) choices: give up, lay hands on the Plaintiff, or spray the Plaintiff.

**(iii)    The force used was reasonable in relation to the need for force.**

The Eleventh Circuit has ruled that use of a TASER on a non-complying subject who was not under arrest or physical or fighting in any way was not an excessive use of force.  Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004).  The Sixth Circuit has ruled that use of pepper spray on a non-compliant subject who was not under arrest or in custody and was not physically resistant was nevertheless a reasonable use of force.  Monday v. Oullette, 118 F.3d 1099 (6th Cir. 1997).

Captain Davidson's decision to use a non-lethal force option – in this case, chemical spray – was undeniably reasonable, particularly in light of Draper and Monday.  Furthermore, the use of chemical spray on the Plaintiff does not violate the Constitution.  Federal appellate courts addressing the issue have authorized the use of force generally to effect inmate obedience. Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir. 1992) (holding that prison officials are entitled to

use physical force to compel obedience by inmates); <u>Jolivet v. Cook</u>, 48 F.3d 1232, *1 (10th Cir. 1995) (affirming the district court's granting of correction officers' Motion to Dismiss where Plaintiff alleged that the Defendants used a TASER on him after he refused three (3) requests for him to submit to being handcuffed).  Even under the more stringent Fourth Amendment standard for analyzing excessive force cases, this and other federal district courts have found no Constitutional violation under similar circumstances.  <u>Magee v. City of Daphne</u>, 2006 WL 3791971, *10 (S.D. Ala. 2006) (granting officers Summary Judgment where they used TASERs on an unarmed and intoxicated domestic violence suspect who refused to comply with verbal commands); <u>Devoe v. Rebant</u>, 2006 WL 334297, *6-7 (E.D. Mich. 2006) (relying on <u>Draper</u> and granting Summary Judgment to an officer who used TASER in drive stun mode on resisting *handcuffed* arrestee who was refusing to get in the patrol car).

> **(iv)    Captain Davidson reasonably perceived that the situation posed a potentially significant threat.**

As set forth in the immediately preceding sections, at the time Captain Davidson decided to employ his chemical spray, the Plaintiff was being definitively non-compliant.  Despite being warned three (3) times that refusal to accompany the Defendant to a holding cell would result in chemical spray being employed, the Plaintiff refused to obey Captain Davidson's orders, but instead argued and cursed at the correctional officers.  If Captain Davidson had not used his chemical spray, he would have been forced to physically place hands on the Plaintiff, which would have significantly escalated the situation and increased the danger of injury to the Plaintiff and the correctional officers.  The Sixth Circuit has determined that use of pepper spray on a non-violent, non-compliant subject – even a subject that was not under arrest – constitutes a reasonable use of force.  <u>Monday v. Oullette</u>, 118 F.3d 1099 (6th Cir. 1997).

 "We must avoid substituting our personal notions of proper police procedure for the instantaneous decision of the officer at the scene.  We must never allow the theoretical, sanitized

world of our imagination to replace the dangerous and complex world that policemen face every day." Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992). "The Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm." Elliott v. Leavitt, 99 F.3d 640, 641 (4th Cir. 1996).

### (v)     Captain Davidson tempered the force used.

The undisputed evidence in the record demonstrates conclusively that Captain Davidson took several steps to temper and mitigate the amount of force he used. He initially warned the Plaintiff three (3) times of the imminent use of chemical spray. At any time, had the Plaintiff chosen, he could have avoided being sprayed altogether. Further, after he got the Plaintiff handcuffed, Captain Davidson attempted to double lock the handcuffs to prevent the Plaintiff from experiencing pain and discomfort. Again, the Plaintiff's own actions prevented Captain Davidson from accommodating the Plaintiff in that way. Pursuant to Jail policy, once the Plaintiff was handcuffed, Captain Davidson immediately attempted to decontaminate him by washing him with shampoo and water from a water hose, thereby removing the residual chemical spray and easing the Plaintiff's discomfort. Finally, once the Plaintiff was in the holding cell, Captain Davidson retrieved the Plaintiff's inhaler and provided it to the Plaintiff so that the Plaintiff would not suffer chest pains or difficulty breathing due to his asthma.

### (vi)    Any injury inflicted on the Plaintiff by Captain Davidson was minor.

There is absolutely no evidence in the record that Captain Davidson's chemical spray, control tactics, or the water hose caused any significant harm to the Plaintiff. The Plaintiff has not alleged that he suffered any injury whatsoever from the chemical spray, and has not sought medical treatment for any such injury. The Plaintiff did not seek treatment for his alleged head injury, and no such injury was noted by any of the Randolph County corrections officers. The Plaintiff has not claimed that he suffered any injury from being pinned against the jail wall, has

15

not sought medical attention for any such injury, and no injury was noted by any of the Randolph County corrections officers. The Plaintiff did seek medical assistance for his wrists, which were potentially injured by the handcuffs due to the Plaintiff's own actions in not permitting the handcuffs to be double locked. However, upon examination, the Lee County Jail physician indicated that he had strength and movement in his hand, and ***did not deem it significant enough to even prescribe an aspirin for it*** (he merely indicated that he would "recheck" his hand in a week).

At worst, the Plaintiff wound up with minor numbness in his hand. The Plaintiff was never admitted as an in-patient. The Plaintiff's "injuries" were mere "subjective numbness" that had no impact on the Plaintiff's ability to function. (Medical File.)

Putting all the elements together, the Eleventh Circuit recently affirmed a district court's Order granting Summary Judgment in favor of two deputies who were accused of excessive force by an inmate. Butler v. Hutson, 147 Fed.Appx. 62 (11th Cir. August 12, 2005). In Butler, the Plaintiff and another inmate had had a fight in one of the pod areas. The Defendants, Deputies, moved the two inmates into the multipurpose room and told them to remain seated in chairs at opposite ends of the room. The deputies left the room and then returned and found the two inmates arguing and the Plaintiff moving toward the other inmate. One of the deputies then struck the Plaintiff, causing him to trip and fall and break his jaw. The Eleventh Circuit found that because the Plaintiff posed a threat to another inmate and disobeyed the deputies order to remain seated, and because the Defendant did not have time for any other measures, and because the deputy did not apply any further force once the Plaintiff complied with the order to sit down, the deputies' actions did not rise to the level of "malicious and sadistic" conduct for the very purpose of causing harm. Butler v. Hutson, 147 Fed.Appx. at 65.

Just as in <u>Butler</u>, the Plaintiff in this case was belligerent, argumentative and noncompliant. He refused to obey orders. The Plaintiff's injuries in <u>Butler</u> were far more severe than those complained of by the instant Plaintiff. Finally, Captain Davidson applied only the minimal amount of force required to achieve compliance. If the actions of the deputies in <u>Butler</u> were not malicious or sadistic, clearly, as a matter of law, neither are the actions of Captain Davidson.

**B.     The Plaintiff's Injuries Were *De Minimis*.**

The *de minimis* nature of the Plaintiff's alleged injuries also mandates judgment in Captain Davidson's favor as a matter of law. <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1257 (11th Cir. 2000) (holding that the application of *de minimis* force will not support a claim for excessive force in violation of the Fourth Amendment.) In <u>Nolin</u>, the Defendant officer grabbed the Plaintiff from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back, pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and placed the Plaintiff in handcuffs. 207 F.3d at 1255. The Plaintiff allegedly suffered bruising to his forehead, chest, and wrists. <u>Id</u>.

As just discussed, there is no evidence that anything Captain Davidson did caused the Plaintiff any injury whatsoever. Even if Captain Davidson was responsible for the alleged numbness in the Plaintiff's hand, even that injury is *de minimis*.

**(a)     <u>No Clearly Established Law Provided Captain Davidson with "Fair Warning" that His Conduct Violated the Plaintiff's Federally Protected Rights.</u>**

Assuming that there was substantial evidence in the record, demonstrating that Captain Davidson used excessive force, the Plaintiff must still show that clearly established law provided Captain Davidson with fair warning that his conduct was unlawful by either (1) pointing to a case

17

with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate conduct was illegal, even in the total absence of case law.  Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  The Eleventh Circuit has identified the latter method as an "obvious clarity" case.  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  In order to show that the conduct of Captain Davidson was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent."  Willingham, 321 F.3d at 1301.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit."  Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

Although there is no Supreme Court, Eleventh Circuit, or Georgia Supreme Court decision regarding pepper spray use in a jail, other courts have addressed its use.  Jackson v. City of Bremerton, 268 F.3d 646 (9th Cir. 2001) (finding use of chemical irritant reasonable force when applied against non-compliant individuals); Baldwin v. Stalder, 137 F.3d 836 (5th Cir. 1998) (finding that use of mace by prison official on one or two inmates who were creating disturbance was reasonable); Monday v. Oullette, 118 F.3d 1099 (6th Cir. 1997) (finding that while the subject was neither verbally nor physically combative, use of pepper spray was reasonable when he refused to follow the lawful order of a law enforcement officer); Ludwig v. Anderson, 54 F.3d 465 (8th Cir. 1995) (holding that arresting officers violated no established Constitutional right by macing an arrestee);  Gainor v. Douglas County, Georgia, 59 F. Supp. 2d 1259, 1287 (N.D.Ga. 1998) (holding that "the use of pepper spray has previously been found to be reasonable because "as a means of imposing force, pepper spray is generally of limited intrusiveness," and it is "designed to disable a suspect without causing permanent physical

injury."); <u>Griffin v. City of Clanton</u>, Ala., 932 F. Supp. 1359 (M.D. Ala. 1996).  However, while supporting Captain Davidson's use of chemical spray against the Plaintiff, none of these cases can establish law for purposes of qualified immunity analysis.  The fact is that there is no clearly established law in the Eleventh Circuit regarding the use of pepper spray in these circumstances. Accordingly, even if the Plaintiff could establish a Constitutional violation, he cannot show the requisite "fair warning" necessary to overcome Captain Davidson's entitlement to qualified immunity.  Because the Plaintiff cannot meet both of his burdens under the qualified immunity analysis, Captain Davidson is entitled to judgment in his favor as a matter of law.

## IV.    MOTION FOR SUMMARY JUDGMENT

### A.    Summary Judgment Standard

On a Motion for Summary Judgment, the court should view the evidence in the light most favorable to the nonmovant.  <u>Greason</u>, 891 F.2d at 831.  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  <u>See</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" <u>Reeves</u>, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[3]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be

---

[3] Although <u>Reeves</u> was a review of a Motion for Judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review, relied heavily on the standard for Summary Judgment stating, "the standard for granting Summary Judgment 'mirrors' the standard for Judgment as a matter of law, such that 'the inquiry under each is the same.'"  <u>Reeves</u>, 530 U.S. at 150, <u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-251 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

credited.'"  <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting <u>Massachusetts School of Law v. American Bar</u>, 142 F.3d 26, 40 (1st Cir. 1998).

**B.    Motion for Summary Judgment**

Defendant respectfully requests that this honorable Court treat this Special Report as a Motion for Summary Judgment and grant unto him the same.

Respectfully submitted on this the 5th day of March, 2007.

> **s/Scott W. Gosnell**
> SCOTT W. GOSNELL, Bar Number:  GOS002
> Attorney for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Road
> P.O. Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  sgosnell@webbeley.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the 5th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

> Tony Lamar Pinkard, Sr.
> Lee County Detention Facility
> P.O. Box 2407
> Opelika, Alabama  36801

> **s/Scott W. Gosnell**
> OF COUNSEL

# EXHIBIT A

## Inmate Tony Lamar Pinkard's Inmate File

ooking Number: 2007008O

harge: FTA: CHILD SUPPORT, FTA: DV HARRASSMENT, FTA DUI

ook Date: 01-08-07    Time: 1530    Type: _____

rrest Date: 01-08-07    Time: 1500    Transfer In: _____

rresting Agency: RCSO    Arresting Officer: FULLER/DILLARD

ooking Officer: DACQUISTO    Searched By: DACQUISTO

ype Search: Cloth ___ Metal ___ Pat ✓ Strip ___ Cavity ___

hoto Available: YES    Print Taken: YES    Phone Call Made: YES

roperty In Property Room            Property In Safe
ag # BIN #1                         Money $ _____

- JACKET -                          - BELT -
- RED SHIRT                         - LIGHTER -
- BLUE SHIRT                        1 Earring yellow in color
- BLUE JEANS
- BLUE BOXERS

Signature of Inmate: _____
Signature of Inmate Upon Release: X _____

# RANDOLPH COUNTY JAIL BOOKING SHEET

DATE _01-08-07_          BOOKING NUMBER _20070020_

NAME _PINKARD, TONY LAMAR_

PHONE _275-1198_          EYE _BRO_     HAIR _BLK_

ADDRESS _201 AIRPORT RD_

CITY _OPALICA_          STATE _AL_   ZIP _36804_

DOB _08-16-73_   SEX _M_     RACE _BLK_   HT _6'2_

WT _175_   SOC _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_   DL _—_

PLACE OF BIRTH _ROANOKE_          STATE _AL_

EMPLOYER _HALL TREE SERVICE_   POSITION _LABORER_

ADDRESS _AUBURN_          PHONE _____

REMARKS _____

RELEASE DATE _1-09-07_   BY _____

SCARS/TATTOOS _____

BOOKING NUMBER 2057009

 

 THE RANDOLPH COUNTY JAIL WILL NOT BE
HELD RESPONSIBLE FOR ANY PROPERTY LEFT
AFTER THIRTY DAYS OF BEING RELEASED OR
TRANSFERRED TO ANOTHER FACILITY. WE
RESERVE THE RIGHT TO DISPOSE OF ALL SAID
PROPERTY LEFT AFTER THIRTY DAYS.
 I AUTHORIZE THE RANDOLPH COUNTY
SHERIFF'S DEPARTMENT TO INSPECT ANY
INCOMING OR OUTGOING MAIL ADDRESSED TO
OR FROM ME.
 I HAVE RECEIVED OR HAVE BEEN READ A
COPY OF THE RANDOLPH COUNTY JAIL RULES
AND INFORMATION FOR INMATES.


 X_____     01-08-07
 INMATE SIGNATURE                DATE

Booking Number: _____2007020_____

Items issued to inmate:

                                        Returned

_____ Mattress ($100)             _____

_____ Sheet ($15)                 _____

_____ Mattress Cover ($10)   _____

_____ Blanket ($25)              _____

_____ Towel ($15)                 _____

_____ Washcloth ($5)             _____

_____ Toothbrush

_____ Toothpaste

_____ Soap

_____ Comb

_____ Cup

    You will be held responsible for all items you are issued. If the items are not returned or returned defaced in any way, you are liable for the cost.

I received the above listed items.

Inmate Signature:_____ Date: _____

Booking Number: 20070020

Relationship Status: MARRIED

Next of Kin: MINNIE PROTHRO

Address: _____

Phone: 357-2029          Relationship: GRAND MOTHER

Hand: RIGHT                              Vision Problems: NO

Write English: YES                       Read English: YES

Speak English: YES                       Education Level: 12TH

Hearing Problems: NO                     Suffix Name: NO

Religion: ___                            Gang: NO

## HEALTH SCREENING FORM

1. HAVE YOU EVER HAD OR BEEN TREATED FOR:

| | | | |
|---|---|---|---|
| _Y_ | ASTHMA | _N_ | ALCOHOLISM |
| _N_ | HEART CONDITION | _N_ | MENTAL ILLNESS |
| _N_ | HYPERTENSION | _N_ | VENERAL DISEASE |
| _N_ | DIABETES | _N_ | TUBERCULOSIS |
| _N_ | EPILEPSY OR SEIZURE | _N_ | ULCER |
| _N_ | DRUG ADDICTION | _N_ | HEPATITIS |
| _N_ | FAINTING SPELLS | _N_ | HIGH BLOOD PRESSURE |
| | | | ANY OTHER |

IF ANY RESPONSE IS YES, EXPLAIN AND GIVE DATE OF LAST TREATMENT

_N_ 2. HAVE YOU RECENTLY BEEN HOSPITALIZED OR TREATED BY A DOCTOR?
EXPLAIN _____

_Y_ 3. DO YOU CURRENTLY TAKE PRESCRIBED MEDICATION?
EXPLAIN _ALBUTEROL, ELEVAL_____

_N_ 4. HAVE YOU EVER ATTEMPTED SUICIDE OR ARE YOU THINKING
ABOUT IT NOW? EXPLAIN _____

_N_ 5. DO YOU USE ALCOHOL OR STREET DRUGS?
EXPLAIN _____

_Y_ 6. ARE YOU ALLERGIC TO ANYTHING?
EXPLAIN _PENNICILIAN_____

_N_ 7. DO YOU REQUIRE A SPECIAL DIET PRESCRIBED BY A DOCTOR?
EXPLAIN _____

_N_ 8. ARE THERE ANY CERTAIN FOOD YOU CANNOT EAT?
EXPLAIN _____

_NO_ 9. HAVE YOU EVER BEEN DETERMINED TO BE HIV POSITIVE?
WHEN? _____

_YES_ 10. DO YOU HAVE PROBLEMS WITH YOUR TEETH?
EXPLAIN _BROKE TOOTH_____

_Y_ 11. ARE THERE ANY OTHER MEDICAL PROBLEMS WE SHOULD KNOW
ABOUT? EXPLAIN _ASTHMA_____

_No_ 12. DO YOU HAVE PERSONEL DOCTOR? WHO? _____

CHECK ONE
_✓_ THIS INMATE WAS COOPERATIVE IN RESPONDING TO THE ABOVE
QUESTIONS AND ALLOWING ME TO OBSERVE HIM.
_____ THIS INMATE REFUSED OR WAS UNABLE TO COOPERATE AND
REFUSED TO ANSWER MY QUESTIONS CONCERNING HIS MEDICAL
HISTORY AND/OR POTENTIAL FOR SUICIDE. REASON FOR INABILITY:

_____

_____

Booking Number: _2̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲

## Visual Assessment

Yes/No

___No___ 1) Is inmate unconscious?

___No___ 2) Does the inmate have any visible signs of trauma, illness, obvious pain or bleeding requiring immediate Doctor's care?

___No___ 3) Is there any obvious fever, swollen lymph nodes, Jaundice or other signs of infection that may spread throughout the facility?

___No___ 4) Any signs of poor skin conditions, rashes, vermin or needle marks?

___No___ 5) Does inmate appear to be under the influence of drugs or alcohol?

___No___ 6) Any visible signs of alcohol or drug withdrawal?

___No___ 7) Does inmate appear to be a risk of suicide or assault?

___No___ 8) Is inmate carrying medication?

___No___ 9) Does inmate have any physical deformities?

___No___ 10) Does inmate appear to have psychiatric problems?

### For Females Only

_____ 11) Are you pregnant?

_____ 12) Have you recently delivered?

_____ 13) Do you take birth control?

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at __23__ o'clock __Pm__. m. at the following
location _____RC Jail  B-Block_____

Below give a full description of the incident. Be certain to include names of all persons involved,
either as participants or witnesses. If a participant or witness is not a jail employee, please give
full address.

While removing T.V.'s Sgt Sharon Sattlerwhite
Noticed that Inmate Tony Pinkard had A Nipple ring
on. Sgt Sattlerwhite told him to hand it over. Inmate Pinkard
put it on his fing as A wedding band. Sgt Sattlerwhite
fliped the light switches in Crows Nest. Inmate Pinkard
was beating And yelling for Sgt Sattlerwhite. Inmates
in B-Block complaing that when they couldn't
turn the lights on and had to use the
bath room. Men were urinating on each
other because room's don't have lights.

Forward to Jail Administration when complete. Use additional sheets, if necessary.

Reporting Officer: _Sgt Sharon Sattlerwhite_

Date of Report: _1-8-06_____ Time: _0535___

Report given to: _Captain Craig Davidson_

Report received by: _____
　　　　　　　　　　**(Signature of receiving officer)**

Date received: _____ Time received: _____

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at __0500__ o'clock __Am__ m. at the following location __B Block__

Below give a full description of the incident. Be certain to include names of all persons involved, either as participants or witnesses. If a participant or witness is not a jail employee, please give full address.

Officer Ronald Smith Was Giving out Breakfast Trays upstairs I/m Tony Pinkard Starting Beating on Door Asking for Another Tray officer Ronald Smith Told I/m Tony Pinkard We did Not have any extra Trays To Give out, I/m Tony Pinkard did Not Say Anything Else, officer Ronald Smith Went To Pick up Trays I/m Tony Pinkard Starting Beating on door again Because Their Lights in B Block Wouldn't Come on.

Forward to Jail Administration when complete. Use additional sheets, if necessary.

Reporting Officer: __Ronald Smith__

Date of Report: __01-09-07__     Time: __0500__

Report given to: __Captain Craig Davidson__

Report received by: _____
       **(Signature of receiving officer)**

Date received: _____ Time received: _____

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at __7:20__ o'clock __a__. m. at the following location __B-Block__

Below give a full description of the incident. Be certain to include names of all persons involved, either as participants or witnesses. If a participant or witness is not a jail employee, please give full address.

After reading Incident Reports on Tony Pinkard last night, Myself (J-7) and Capt. Craig Davidson (J-2) went up stairs to talk to him about what was going on. Capt. Davidson explain to him because of his action he was going to be placed in a holding cell for the time, being for administration reason. Inmate Tony Pinkard yelled I didn't fucking do anything. Capt. Davidson again advised him to get his things, he was going to a holding cell. Inmate Pinkard said again that he didn't

Forward to Jail Administration when complete. Use additional sheets, if necessary.

Reporting Officer: __Matt Findley__                 __J-7__

Date of Report: __1-09-07__        Time: __8:00__

Report given to: __Cpt. Davidson__

Report received by: _____
(Signature of receiving officer)

Date received: __Jan 9, 2007__        Time received: __0800__

142

**INCIDENT REPORT SUPPLEMENT**

not do anything. Capt. Davidson advised inmate Pinkard again to get his things and if he ran his mouth and refused again he was going to be sprayed. Inmate Tony Pinkard refused again and yelled he did not do anything. Capt. Davidson then sprayed Tony Pinkard. Capt. Davidson took Tony Pinkard outside and decontaminated him when he came into compliance. The block was also decontaminated. Tony Pinkard was moved to a holding cell after decontamination.

MF

MF

MF

MF

PAGE __2__ OF __2__

Pinkard, Tony L.
Jan. 9, 2007

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at _0730_ o'clock ____. m. at the following
location _B. Block_

Below give a full description of the incident. Be certain to include names of all persons involved,
either as participants or witnesses. If a participant or witness is not a jail employee, please give
full address.

After reading reports from the previous night I ordered
Im. Pinkard to be moved to 150 for Admin
segregation. I went to B. Block to assist with the
move Im. Pinkard was ordered 3 times to
pack his belongings, he was arguing and refusing
to move. I advised him that if he didn't
stop arguing and pack his stuff he would be
sprayed. When Im. Pinkard kept refusing I
sprayed him with OC Spray. After, Im was sprayed
he was restrained after a brief struggle.
Once cuffed Im. Pinkard was still trying to

Forward to Jail Administration when complete. Use additional sheets, if necessary.

Reporting Officer: _____

Date of Report: _Jan. 9, 2007_ _____ Time: _0800_ _____

Report given to: _____

Report received by: _____
                    **(Signature of receiving officer)**

Date received: _____ Time received: _____

1 of 2

**INCIDENT REPORT SUPPLEMENT**

resist by pulling away from me. He pulled himself into a door upstairs. Once in the elevator The Pinkard was trying to snatch away from me again. I pinned him into the corner for his safety. Once downstairs The was taken out for decon. When decon was completed The was placed in ISU. The requested his Asthma inhaler and it was given. The is presently not complaining of any pain or adverse symptoms. The rest of the block was taken outside for fresh air and decon procedures.

PAGE __2__ OF __2__

# RANDOLPH COUNTY
## SHERIFF'S DEPARTMENT
### USE OF FORCE

| | | | | Location of Arrest |
|---|---|---|---|---|

| DAY | DATE | MO. | YEAR | TIME | LAST NAME (Suspect) | FIRST NAME | MID. INTL. | OFFENSE |
|---|---|---|---|---|---|---|---|---|
| Tues. | 9th | Jan. | 2007 | 0730 | Pinkard | Tony | L. | |

**ARREST MADE** ☐ YES ☐ NO

## LEVEL OF RESISTANCE
(May check more than one)

___ 1. No force, no handcuffs.
___ 2. No force, suspect handcuffed.
___ 3. Unarmed suspect resisted control, had to be physically handled with minimal force, no blows were struck.
all parties remained standing.
___ 4. Number 3, plus at least one more officer was needed for assistance.
___ 5. Unarmed suspect resisted control, officer or suspect fell to the ground or blows were struck,
no police weapons were used.
___ 6. Number 5, plus at least one more officer was needed for assistance.
✓ 7. Unarmed suspect resisted control, police weapon(s) used.
___ 8. Number 7, plus at least one more officer was needed for assistance.
___ 9. Suspect armed with club or similar weapon and threatened or attacked officer.
___10. Suspect armed with knife or similar weapon and threatened or attacked officer.
___11. Suspect used motor vehicle to assault one or more officers.
___12. Suspect armed with firearm threatened officer.
___13. Suspect armed with firearm shot at officer.
___14. Other_____

## POLICE WEAPONS USED
(May check more than one)

___ 1. None.
___ 2. Fist or hands.
___ 3. Federal Streamer.
___ 4. Standard baton.
___ 5. Riot baton.
___ 6. Flashlight.
___ 7. Canine.
___ 8. Service revolver pointed at suspect.
___ 9. Service revolver fired.
___ 10. Shotgun pointed at suspect.
___ 11. Shotgun fired.
___ 12. Chemical munitions.
___ 13. Capture nets, restraints, or similar.
___ 14. Concussion grenades.
___ 15. Special firearms.
✓ 16. Other  OC Spray

## III. EFFECT OF FORCE/RESISTANCE ON SUSPECT/POLICE
(Check one in suspect column, may check more than one in police column)
Suspect , Police

| Suspect | Police | |
|---|---|---|
| ✓ | ✓ | 1. No visible injury, no complaint of pain. |
| ___ | ___ | 2. No visible injury, complaint of minor pain, no medical treatment required. |
| ___ | ___ | 3. Minor visible injury (redness, swelling, abrasion), no medical treatment required. |
| ___ | ___ | 4. Injury requiring outpatient medical treatment (stitches, x-rays, doctor's exam). |
| ___ | ___ | 5. Minor injury requiring paramedic exam. |
| ___ | ___ | 6. Injury requiring overnight hospitalization. |
| ___ | ___ | 7. Died. |

| REPORTING OFFICER | BADGE # | REPORTING OFFICER | BADGE # | SHIFT | SUPV. | PHOTO | CASE |
|---|---|---|---|---|---|---|---|
| Davidson C | J2 | #2 | | | | | |

ADDITIONAL COMMENTS: SEE REPORT

# OFFICE OF THE SHERIFF
# RANDOLPH COUNTY

P.O. Box 347 - Wedowee, Alabama 36278
Phone: 256 / 357-4545  -  Fax: 256 / 357-2790

EFFERY FULLER
Sheriff

WILLIAM DILLARD
Chief Deputy

APRIL 12, 2004

TO: ALL INMATES
FROM: CAPT. CRAIG DAVIDSON
          CHIEF SHIRLEY JOHNSON
          SHERIFF JEFF FULLER
REF: DR. APPTS AND PRESCRIPTIONS

Effective May 1, 2004 all doctor visits to the jail doctor will result in your inmate
account being charged $5.00. This is in addition to the $25.00 that you already paying per
visit. The $5.00 will go to the jail as our charge for handling your appointment. If you are
indigent you will be NOT refused the right to see the doctor. However if you are indigent
then your account will go into a negative balance, and the first available funds the
balance will be deducted. There will be a fee of $1.00 for each prescription that is
handled.

_____
Capt. Craig Davidson

_____
Chief Shirley Johnson

_____
Sheriff Jeff Fuller

# OFFICE OF THE SHERIFF
# RANDOLPH COUNTY

P.O. Box 347 - Wedowee, Alabama 36278
Phone: 256 / 357-4545 - Fax: 256 / 357-2790

ERY FULLER
Sheriff

WILLIAM DILLA
Chief Deputy

APRIL 12, 2004

TO: ALL INMATES
FROM: CAPT. CRAIG DAVIDSON
      CHIEF SHIRLEY JOHNSON
      SHERIFF JEFF FULLER
REF: DR. APPTS AND PRESCRIPTIONS

Effective May 1, 2004 all doctor visits to the jail doctor will result in your inmate account being charged $5.00. This is in addition to the $25.00 that you already paying per visit. The $5.00 will go to the jail as our charge for handling your appointment. If you are indigent you will be NOT refused the right to see the doctor. However if you are indigent then your account will go into a negative balance, and the first available funds the balance will be deducted. There will be a fee of $1.00 for each prescription that is handled.

Capt. Craig Davidson

Chief Shirley Johnson

Sheriff Jeff Fuller

# OFFICE OF THE SHERIFF
# RANDOLPH COUNTY

P.O. Box 347 - Wedowee, Alabama 36278
Phone: 256 / 357-4545  -  Fax: 256 / 357-2790

**EFFERY FULLER**
Sheriff

**WILLIAM DILLARD**
Chief Deputy

APRIL 12, 2004

TO: ALL INMATES
FROM: CAPT. CRAIG DAVIDSON
      CHIEF SHIRLEY JOHNSON
      SHERIFF JEFF FULLER
REF: DR. APPTS AND PRESCRIPTIONS

Effective May 1, 2004 all doctor visits to the jail doctor will result in your inmate account being charged $5.00. This is in addition to the $25.00 that you already paying per visit. The $5.00 will go to the jail as our charge for handling your appointment. If you are indigent you will be NOT refused the right to see the doctor. However if you are indigent then your account will go into a negative balance, and the first available funds the balance will be deducted. There will be a fee of $1.00 for each prescription that is handled.

Capt. Craig Davidson

Chief Shirley Johnson

Sheriff Jeff Fuller

ALIAS CAPIAS    WRIT OF ARREST    DISTRICT COURT

THE STATE OF ALABAMA                    CASE NO.  CS 2003-104

RANDOLPH COUNTY, ALABAMA              DHR NO.  17934

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST **TONY L. PINKARD,** AND

BRING HIM BEFORE THE RANDOLPH COUNTY DISTRICT COURT,

INSTANTER TO ANSWER TO THE STATE OF ALABAMA ON A CHARGE OF

CONTEMPT OF COURT FOR FAILURE TO APPEAR AGAINST THE PEACE AND

DIGNITY OF THE STATE OF ALABAMA.

WITNESS MY HAND THE 17TH DAY OF NOVEMBER, 2004.


_Patrick Whaley_
JUDGE, DISTRICT COURT
RANDOLPH COUNTY, ALABAMA

**Filed in Office**

**TONY L. PINKARD**
**448 HIGHLAND AVENUE**
**WADLEY, AL  36276**

DEC - 2 2004

K⸱⸱⸱ S. BENEFIELD
Clerk of Circuit Court

**DESCRIPTION:  BLACK MALE, DOB: 8-16-1973, AGE: 31, SSN: 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,**
**HT: 5'09", WT: 150**

**CHILD SUPPORT ARREARS:  $569.00 OWED AS OF NOVEMBER 15, 2004,**
**PLUS INTEREST OF $65.12, AND GENETIC TEST FEES OF $240.00**

Received in this office
Time _____ Date 12 3 0 ✓

EXECUTED THIS THE _25th_ DAY OF
_Feb._ 20 _05_
BY HANDING A COPY OF THE WITHIN TO

_Tony L. Pinkard_
_44 CR 885 Wadley, AL_

JEFFERY L. FULLER, SHERIFF
Randolph County, Alabama
By _James D. Nale_ D.S.

Received at County Jail
Time _0850_ Date _12-6-04_

| | Fingerprinted | R84 Completed |
|---|---|---|
| | [1] Yes | [1] Yes |
| | [2] No | [2] No |

## ALABAMA UNIFORM ARREST REPORT

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0 5 6 0 0 0 0 | Randolph Co Sheriffs Dept. | 0 5 0 2 2 4 1 1 1 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| Pinkard Tony L | |

| 7 SEX | 8 RACE | 10 HGT. | 11 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| [1]M [2]F | [1]W [2]B [3]I [4] | 5'9 | 150 | BRO | BLK | DRK | | [ ] SCARS | [2] MARKS | [3] TATOOS | [4] AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|
| Roanoke Randolph Alabama | 4 2 0 - 1 9 4 1 - 1 5 1 1 5 1 | 08 16 73 | 31 |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 6986862 | AL |

| 24 FBI # | HENRY CLASS | 25 IDENTIFICATION COMMENTS |
|---|---|---|
| | NCIC CLASS | |

| 26 [1] RESIDENT [2] NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 44 CR 885 Wadley, AL 36276 | ( ) None | Unemployed |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| | | ( ) |

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? [ ] YES [ ] NO |
|---|---|---|
| 44 CR 885 Wadley, AL 36276 | | [1] IN STATE [2] OUT STATE [3] OUT OF STATE AGENCY |

| 36 CONDITION OF | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| ARRESTEE: [1] DRUNK [2] SOBER | [1] YES [2] NO | [1] NONE [2] OFFICER [3] ARRESTEE | [1] Y [2] N | [1] HANDGUN [4] OTHER FIREARM |
| [3] DRINKING [4] DRUGS | | | | [2] RIFLE [5] OTHER WEAPON |
| | | | | [3] SHOTGUN |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 04 22 05 | 11:31 [1] AM [2] PM [3] MIL. | S M T W T F S 1 2 3 4 5 6 7 | [1] ON VIEW [2] CALL [3] WARRANT | [1] YES [2] NO [3] UNKNOWN |

| 46 CHARGE-1 [1] FEL [2] MISD | 47 UCR CODE | 48 CHARGE-2 [1] FEL [2] MISD | 49 UCR CODE |
|---|---|---|---|
| FTA - Child Support | | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 56 CHARGE-3 [1] FEL [2] MISD | 57 UCR CODE | 58 CHARGE-4 [1] FEL [2] MISD | 59 UCR CODE |
|---|---|---|---|
| | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| [1] HELD [4] TOT-LE [2] BAIL [5] OTHER [3] RELEASED | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? [1] YES [2] NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | [ ] CONTINUED IN NARRATIVE |
|---|---|
| | |

**JUVENILE**

| 82 JUVENILE DISPOSITION: | [1] HANDLED AND RELEASED [2] REF. TO JUVENILE COURT | [3] REF. TO WELFARE AGENCY [4] REF. TO OTHER POLICE AGENCY | [5] REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|
| | | | | |

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| | | |

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|
| | | | |

**RELEASE**

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 04 22 05 05 20 [1] AM [2] PM [3] MIL. | Jimmy Holmes | RCSO | 569 |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| Donna Hester | Randolph Co Jail | Wedowee AL |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE [1] YES [2] NO [3] PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|
| | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| No injuries at times of arrest or release. |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOCAL USE |
|---|---|---|
| Donna Hester | Jimmy Holmes | STATE USE |

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE [ ] Y [ ] N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH/ CMDR. |
|---|---|---|---|---|---|
| Holmes, Jimmy | 569 | Birks, Mike | 3612 | ID # | ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

BOOKING NUMBER  2005 0158

THE RANDOLPH COUNTY JAIL WILL NOT BE
HELD RESPONSIBLE FOR ANY PROPERTY LEFT
AFTER THIRTY DAYS OF BEING RELEASED OR
TRANSFERRED TO ANOTHER FACILITY.  WE
RESERVE THE RIGHT TO DISPOSE OF ALL SAID
PROPERTY LEFT AFTER THIRTY DAYS.
    I AUTHORIZE THE RANDOLPH COUNTY
SHERIFF'S DEPARTMENT TO INSPECT ANY
INCOMING OR OUTGOING MAIL ADDRESSED TO
OR FROM ME.
    I HAVE RECEIVED OR HAVE BEEN READ A
COPY OF THE RANDOLPH COUNTY JAIL RULES
AND INFORMATION FOR INMATES.

_____     2/25/05
INMATE SIGNATURE                DATE

Booking Number: _2005 0158_

Items issued to inmate:

Returned

| | | |
|---|---|---|
| __1__ | Mattress ($100) | _____ |
| _____ | Sheet ($15) | _____ |
| __us__ | Mattress Cover ($10) | _____ |
| __1__ | Blanket ($25) | _____ |
| _____ | Towel ($15) | _____ |
| _____ | Washcloth ($5) | _____ |
| _____ | Toothbrush | |
| _____ | Toothpaste | |
| _____ | Soap | |
| _____ | Comb | |
| _____ | Cup | |

You will be held responsible for all items you are issued. If the items are not returned or returned defaced in any way, you are liable for the cost.

I received the above listed items.

Inmate Signature: _[signature]_          Date: _2/25/05_

Booking Number: _20050158_

Relationship Status: _married_

Next of Kin: _Refused_

Address: _____

Phone: _____ Relationship: _____

Hand: _L_                          Vision Problems: _N_

Write English: _Y_                 Read English: _Y_

Speak English: _Y_                 Education Level: _10th_

Hearing Problems: _N_              Suffix Name: _N_

Religion: _Christian_              Gang: _N_

# HEALTH SCREENING FORM

1. HAVE YOU EVER HAD OR BEEN TREATED FOR:

__Y__ ASTHMA                     __N__ ALCOHOLISM
__N__ HEART CONDITION            __N__ MENTAL ILLNESS
__N__ HYPERTENSION               __N__ VENERAL DISEASE
__N__ DIABETES                   __N__ TUBERCULOSIS
__N__ EPILEPSY OR SEIZURE        __N__ ULCER
__N__ DRUG ADDICTION             __N__ HEPATITIS
__N__ FAINTING SPELLS            __N__ HIGH BLOOD PRESSURE
                                 __Y__ ANY OTHER
                                 2 Disks in back

IF ANY RESPONSE IS YES, EXPLAIN AND GIVE DATE OF LAST TREATMENT
_____ 2/24/05    saw   Doctor _____

__Y__ 2. HAVE YOU RECENTLY BEEN HOSPITALIZED OR TREATED BY A DOCTOR?
EXPLAIN ___ 2/24/05 _____

__Y__ 3. DO YOU CURRENTLY TAKE PRESCRIBED MEDICATION?
EXPLAIN _ inhaler / Advair _____

__N__ 4. HAVE YOU EVER ATTEMPTED SUICIDE OR ARE YOU THINKING ABOUT IT NOW?  EXPLAIN _____

__Y__ 5. DO YOU USE ALCOHOL OR STREET DRUGS?
EXPLAIN _____

__Y__ 6. ARE YOU ALLERGIC TO ANYTHING?
EXPLAIN __ Pencillin _____

__N__ 7. DO YOU REQUIRE A SPECIAL DIET PRESCRIBED BY A DOCTOR?
EXPLAIN _____

__Y__ 8. ARE THERE ANY CERTAIN FOOD YOU CANNOT EAT?
EXPLAIN __ Seafood _____

__N__ 9. HAVE YOU EVER BEEN DETERMINED TO BE HIV POSITIVE?
WHEN? _____

__N__ 10. DO YOU HAVE PROBLEMS WITH YOUR TEETH?
EXPLAIN _____

__N__ 11. ARE THERE ANY OTHER MEDICAL PROBLEMS WE SHOULD KNOW ABOUT?  EXPLAIN _____

__Y__ 12. DO YOU HAVE PERSONEL DOCTOR? WHO? ___ Dr  Yomi __
                                              Roanoke  Al.

CHECK ONE

__✓__ THIS INMATE WAS COOPERATIVE IN RESPONDING TO THE ABOVE QUESTIONS AND ALLOWING ME TO OBSERVE HIM.

____ THIS INMATE REFUSED OR WAS UNABLE TO COOPERATE AND REFUSED TO ANSWER MY QUESTIONS CONCERNING HIS MEDICAL HISTORY AND/OR POTENTIAL FOR SUICIDE. REASON FOR INABILITY:

_____
_____

Booking Number: _2005 0158_

## Visual Assessment

Yes/No

__no__ 1) Is inmate unconscious?

__no__ 2) Does the inmate have any visible signs of trauma, illness, obvious pain or bleeding requiring immediate Doctor's care?

__no__ 3) Is there any obvious fever, swollen lymph nodes, Jaundice or other signs of infection that may spread throughout the facility?

__no__ 4) Any signs of poor skin conditions, rashes, vermin or needle marks?

__Yes__ 5) Does inmate appear to be under the influence of drugs or (alcohol?)

__no__ 6) Any visible signs of alcohol or drug withdrawal?

__no__ 7) Does inmate appear to be a risk of suicide or assault?

__Yes__ 8) Is inmate carrying medication? _inhaler_

__No__ 9) Does inmate have any physical deformities?

__No__ 10) Does inmate appear to have psychiatric problems?

### For Females Only

_____ 11) Are you pregnant?

_____ 12) Have you recently delivered?

_____ 13) Do you take birth control?

Booking Number: 20050158

Charge: FTA - Child Support

Book Date: 2/25/05    Time: 0010    Type: Full

Arrest Date: 2/24/05    Time: 2351    Transfer In: y

Arresting Agency: RCSO    Arresting Officer: Jimmy Holmes

Booking Officer: Donna Hester    Searched By: Jimmy Caldwell

Type Search: Cloth ___    Metal ___    Pat ⟋    Strip ___    Cavity ___

Photo Available: y    Print Taken: y    Phone Call Made: y

Property In Property Room          Property In Safe
Bag # 32                          Money $ Ø
   4 earrings
   1 Belt


Signature of Inmate: X _____
Signature of Inmate Upon Release: _____

## RANDOLPH COUNTY JAIL BOOKING SHEET

DATE 2/25/05        BOOKING NUMBER 20050158

NAME Pinkard, Tony Lamar

PHONE ——        EYE Bro    HAIR Blk

ADDRESS 448 Co Rd 885

CITY Wadley        STATE Al   ZIP 36276

DOB 8/16/73 SEX m    RACE B    HT 6'2

WT 150   SOC 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 DL

PLACE OF BIRTH Roanoke        STATE Al

EMPLOYER Disabled        POSITION

ADDRESS        PHONE

REMARKS

RELEASE DATE 3-5-05        BY J-11 Poole bonding

SCARS/TATTOOS Forehead

AL    AMA JUDICIAL INFORMATION   TEM

\* \* \* IN THE DISTRICT COURT OF RANDOLPH COUNTY \* \* \*

AGENCY NUMBER:

WARRANT NUMBER: WR 2005 000118.00
OTHER CASE NBR:

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
RANDOLPH COUNTY, ALABAMA, PERSONALLY APPEARED   BOBBIE PINKARD
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT   TONY PINKARD                      DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

ON OR ABOUT FEBRUARY 24, 2005 COMMIT THE CRIME OF HARASSMENT (SECTION 13A-
011-008(A), CODE OF ALABAMA 1975), WITH INTENT TO HARASS, ANNOY OR ALARM
ANOTHER PERSON, TO-WIT:__BOBBIE PINKARD_____:
   (XX )   STRIKE, SHOVE, KICK OR OTHERWISE TOUCH ANOTHER PERSON, TO-WIT:
           BOBBIE PINKARD_____; OR SUBJECT THEM TO PHYSICAL
           CONTACT, TO -WIT: HITTING HER HEAD AGAINST THE REFRIGERATOR__
           PUSHING HER INTO IT AND HITTING HER IN HER JAW WITH FIST OR,
   (   )   DIRECT ABUSIVE OR OBSCENE LANGUAGE OR MAKE AN OBSCENE GESTURE,
           TO-WIT:_____,
           TOWARD ANOTHER PERSON, TO-WIT:_____; OR,
   (   )   DIRECT A THREAT, VERBAL OR NONVERBAL, TO-WIT:_____
           TOWARD ANOTHER PERSON, TO-WIT:___, WITH THE INTENT TO CARRY OUT THE THREAT,
           A REASONABLE PERSON AND TARGET OF THE THREAT, CAUSING HIM/HER TO
           FEAR FOR THEIR SAFETY,
WITH THE VICTIM BEING A CURRENT OR FORMER SPOUSE, PARENT, CHILD, A PERSON
WITH WHOM HE/SHE HAS A CHILD IN COMMON, A PRESENT OR FORMER HOUSEHOLD
MEMBER, OR A PERSON WHOM HE/SHE HAS OR HAD A DATING RELATIONSHIP,
IN VIOLATION OF 13A-006-132              OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Bobbie Pinkard*
COMPLAINANT'S SIGNATURE

Bond # 5,000.⁰⁰

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF FEBRUARY, 2005.

*Marlene Lindley*
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES- DOM VIO 3RD-HARASSME  13A-006-132        M  MISDEMEANOR

WITNESS FOR THE STATE

BOBBIE PINKARD/44 CR 885/WADLEY/36276

MICHAELA TYSON/44 CR 885/WADLEY/36276

OPERATOR: MAL    DATE: 02/25/2005

| State of Alabama Unified Judicial System | **CONSOLIDATED BOND** (District Court, Grand Jury, Circuit Court) | Case Number | | |
|---|---|---|---|---|
| Form C-52  Rev 7/80 | | ID | YR | Number |

IN THE _District_ _____ COURT OF _Randolph_ _____ COUNTY

STATE OF ALABAMA

vs. _Tony Pinkard_
_448 Co.Rd. 885_
_Wadley, Al. 36276_

We _Tony Pinkard_ _____ (Defendant) as principal
and _Poole bonding co._ _____

_____ as sureties
agree to pay the State of Alabama _Five Thousand $ 5000.00_ _____ Dollars
unless the above named defendant appears before the District Court of said county on (Date) _3-15-05_
at (Time) _900 A.M_ _____ or at the next session of circuit court of said county; there to await the action by the grand
jury and from session to session thereafter until discharged by law to answer to the charge of _____
_Harassment ( DV 3 )_
or any other charge. We hereby and severally certify that we have property over and above all debts and liabilities to the
amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other
process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights
to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the
undersigned are duly exonerated.

_Tony Pinkard_   _44 Co Road 885 Wadly_   _36276_ (L.S.)
Signature of Defendant          Address (Print)          City

_Poole_   _19930 Hwy 48 Wedowee, Al. 36352_ (L.S.)
Signature of Surety          Address (Print)          City

_____ (L.S.)
Signature of Surety          Address (Print)          City

_____ (L.S.)
Signature of Surety          Address (Print)          City

_____ (L.S.)
Signature of Surety          Address (Print)          City

_3-5-05_          _J. Fuller_ (W.O.)
Date          Approved by: Sheriff/Judge

          _W. Dillard_ (A.R.)
          By: Deputy Sheriff

| Disclosure of your Social Security Number is voluntary, it will be used only for identification purposes in regards to your release on bond. |
|---|

**Defendant's Information**

DOB _8-16-73_          Sex _M_
S.S. No. _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_          Race _B_
DL No. _6986863_ ____ State ( _Al._ )          Phone No. _N_

☐ Appearance Bond-Cash   ☒ Appearance Bond-Recognizance   ☐ Bail Bond-Cash

CONSOLIDATED BOND
COURT RECORD (White)    DEFENDANT (Yellow)

| State of Alabama<br>Unified Judicial System<br><br>Form C-52  Rev 7/80 | **CONSOLIDATED BOND**<br>**(District Court, Grand Jury, Circuit Court)** | Case Number |
|---|---|---|
| | | ID    YR    Number |

IN THE _District_ _____ COURT OF _Randolph_ _____ COUNTY

STATE OF ALABAMA

vs. _Tony Pinkard_
_44 Co. Rd. 885_
_Wadley, Al. 36276_

We _Tony Pinkard_ _____ (Defendant) as principal
and _Poole bonding co._ _____
_____ as sureties
agree to pay the State of Alabama _$1000.00  One Thousand_ _____ Dollars
unless the above named defendant appears before the District Court of said county on (Date) _3-23-05_
at (Time) _9:00 Am._ or at the next session of circuit court of said county; there to await the action by the grand
jury and from session to session thereafter until discharged by law to answer to the charge of _____
_Child support_
or any other charge. We hereby and severally certify that we have property over and above all debts and liabilities to the
amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other
process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights
to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the
undersigned are duly exonerated.

_Tony Pinkard_ ___ _44 Co Road 885 Wadley_ ___ _36276_ _____ (L.S.)
Signature of Defendant                    Address (Print)                    City

_Poole_ ___ _1993.0 Hwy 48 East  WeRome, AL  36272_ _____ (L.S.)
Signature of Surety                    Address (Print)                    City

_____ _____ _____ (L.S.)
Signature of Surety                    Address (Print)                    City

_____ _____ _____ (L.S.)
Signature of Surety                    Address (Print)                    City

_____ _____ _____ (L.S.)
Signature of Surety                    Address (Print)                    City

_3-5-05_ _____
Date

_J. Fuller_ _____
Approved by: Sheriff/Judge

| Disclosure of your Social Security Number is voluntary, it<br>will be used only for identification purposes in regards to<br>your release on bond. | _W. Dillard_ _____<br>By: Deputy Sheriff |
|---|---|

**Defendant's Information**

DOB _8-16-73_ _____    Sex _M_ _____
S.S. No. _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_ _____    Race _B_ _____
DL No. _6986822_ _____ State ( )    Phone No. _N_ _____

☐ Appearance Bond-Cash    ☑ Appearance Bond-Recognizance    ☐ Bail Bond-Cash

CONSOLIDATED BOND
COURT RECORD (White)    DEFENDANT (Yellow)

BOOKING NUMBER _____

    THE RANDOLPH COUNTY JAIL WILL NOT BE
HELD RESPONSIBLE FOR ANY PROPERTY LEFT
AFTER THIRTY DAYS OF BEING RELEASED OR
TRANSFERRED TO ANOTHER FACILITY. WE
RESERVE THE RIGHT TO DISPOSE OF ALL SAID
PROPERTY LEFT AFTER THIRTY DAYS.
    I AUTHORIZE THE RANDOLPH COUNTY
SHERIFF'S DEPARTMENT TO INSPECT ANY
INCOMING OR OUTGOING MAIL ADDRESSED TO
OR FROM ME.
    I HAVE RECEIVED OR HAVE BEEN READ A
COPY OF THE RANDOLPH COUNTY JAIL RULES
AND INFORMATION FOR INMATES.

_____        _____
INMATE SIGNATURE                   DATE

Booking Number: _2005024 2_

Items issued to inmate:

Returned

_____   Mattress ($100)      _____
_____   Sheet ($15)      _____
_____   Mattress Cover ($10)      _____
_____   Blanket ($25)      _____
_____   Towel ($15)      _____
_____   Washcloth ($5)      _____
_____   Toothbrush
_____   Toothpaste
_____   Soap
_____   Comb
_____   Cup

   You will be held responsible for all items you are issued. If the items are not returned or returned defaced in any way, you are liable for the cost.

I received the above listed items.

Inmate Signature:_____   Date: _____

Booking Number: _20050242_

Relationship Status: _Married_

Next of Kin: _____

Address: _____

Phone: _____ Relationship: _____

Hand: _L_      Vision Problems: _N_

Write English: _Y_      Read English: _Y_

Speak English: _Y_      Education Level: _10th_

Hearing Problems: _N_      Suffix Name: _N_

Religion: _Christian_      Gang: _N_

## HEALTH SCREENING FORM

1. HAVE YOU EVER HAD OR BEEN TREATED FOR:

| | | |
|---|---|---|
| Y | ASTHMA | N ALCOHOLISM |
| N | HEART CONDITION | MENTAL ILLNESS |
| | HYPERTENSION | VENERAL DISEASE |
| | DIABETES | TUBERCULOSIS |
| | EPILEPSY OR SEIZURE | ULCER |
| | DRUG ADDICTION | HEPATITIS |
| | FAINTING SPELLS | HIGH BLOOD PRESSURE |
| | | Y ANY OTHER |
| | | 2 Diskihsock |

IF ANY RESPONSE IS YES, EXPLAIN AND GIVE DATE OF LAST TREATMENT

_____

Y 2. HAVE YOU RECENTLY BEEN HOSPITALIZED OR TREATED BY A DOCTOR?
EXPLAIN _____2/24/05_____

Y 3. DO YOU CURRENTLY TAKE PRESCRIBED MEDICATION?
EXPLAIN _____inhaler / advair_____

N 4. HAVE YOU EVER ATTEMPTED SUICIDE OR ARE YOU THINKING ABOUT IT NOW? EXPLAIN_____

NO 5. DO YOU USE ALCOHOL OR STREET DRUGS?
EXPLAIN _____

Y 6. ARE YOU ALLERGIC TO ANYTHING?
EXPLAIN_____

Y 7. DO YOU REQUIRE A SPECIAL DIET PRESCRIBED BY A DOCTOR?
EXPLAIN_____

Y 8. ARE THERE ANY CERTAIN FOOD YOU CANNOT EAT?
EXPLAIN ____Seafood_____

N 9. HAVE YOU EVER BEEN DETERMINED TO BE HIV POSITIVE?
WHEN?_____

N 10. DO YOU HAVE PROBLEMS WITH YOUR TEETH?
EXPLAIN_____

N 11. ARE THERE ANY OTHER MEDICAL PROBLEMS WE SHOULD KNOW ABOUT? EXPLAIN_____

Y 12. DO YOU HAVE PERSONEL DOCTOR? WHO? _Dr Yohi_
_____Roanoke AL_

CHECK ONE
____THIS INMATE WAS COOPERATIVE IN RESPONDING TO THE ABOVE QUESTIONS AND ALLOWING ME TO OBSERVE HIM.

____THIS INMATE REFUSED OR WAS UNABLE TO COOPERATE AND REFUSED TO ANSWER MY QUESTIONS CONCERNING HIS MEDICAL HISTORY AND/OR POTENTIAL FOR SUICIDE. REASON FOR INABILITY:

_____

_____

Booking Number: _2 0 0 5 0 2 4 2_

## Visual Assessment

Yes/No

_✓_ 1) Is inmate unconscious?

_✓_ 2) Does the inmate have any visible signs of trauma, illness, obvious pain or bleeding requiring immediate Doctor's care?

_✓_ 3) Is there any obvious fever, swollen lymph nodes, Jaundice or other signs of infection that may spread throughout the facility?

_✓_ 4) Any signs of poor skin conditions, rashes, vermin or needle marks?

_✓_ 5) Does inmate appear to be under the influence of drugs or alcohol?

_✓_ 6) Any visible signs of alcohol or drug withdrawal?

_✓_ 7) Does inmate appear to be a risk of suicide or assault?

_✓_ 8) Is inmate carrying medication?

_✓_ 9) Does inmate have any physical deformities?

_✓_ 10) Does inmate appear to have psychiatric problems?

### For Females Only

_____ 11) Are you pregnant?

_____ 12) Have you recently delivered?

_____ 13) Do you take birth control?

Booking Number: 200500 242

Charge: FTA / D.V. Harrassment 3Rd

Book Date: 3-26-05  Time: 17:30  Type: Ø Full

Arrest Date: 3-26-05  Time: _____  Transfer In: Y

Arresting Agency: RUSO  Arresting Officer: W-Ford

Booking Officer: JS  Searched By: JS

Type Search: Cloth ___  Metal ___  Pat ✓  Strip ___  Cavity ___

Photo Available: ✓  Print Taken: _____  Phone Call Made: _____

Property In Property Room          Property In Safe
Bag # 74                           Money $ _____
1 wallet - 1 nipple ring           1 wallet
1 set keys
chapstick
1 inhaler
1 cellphone
1 hat
1 belt
Prints shoelaces

Signature of Inmate: _____
Signature of Inmate Upon Release: Tony Richard Sr.

RANDOLPH COUNTY JAIL BOOKING SHEET

DATE _3-26-05_          BOOKING NUMBER _20050242_

NAME _Pinkard Tony Lamar_

PHONE_____    EYE_blo_    HAIR _B/K_

ADDRESS _448 CORD 885_

CITY _wadley_        STATE _AL_   ZIP _36276_

DOB _8-16-73_  SEX _M_   RACE _B_   HT _6'2_

WT _150_   SOC _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_   DL_____

PLACE OF BIRTH _Roanoke_        STATE _AL_

EMPLOYER _Disabled_        POSITION_____

ADDRESS_____        PHONE_____

REMARKS        _R.P.D._

RELEASE DATE _1-5-06_    BY _J9,12_

SCARS/TATTOOS _Forehead_

## Randolph County Jail Inmate Visitors

_____          _____
Inmate Name                        Social Security Number


_____          _____
Visitor Name                       DATE OF BIRTH


_____          _____
Visitor Name                       DATE OF BIRTH


_____          _____
Visitor Name                       DATE OF BIRTH


_____          _____
Visitor Name                       DATE OF BIRTH


_____          _____
Visitor Name                       DATE OF BIRTH

PLEASE LIST ALL LEGAL CHILDREN AND THEIR AGES

1. _____          _____
2. _____          _____
3. _____          _____
4. _____          _____
5. _____          _____

You will need to fill out 5 names of people who you want to visit with you.
These pople must be at least 19 yrs of age.  Any child under the age of 19
must be the legal child of the inmate. If they have been booked in the
Randolph County Jail he/she must have been released for at least 3 years.
Also, any visitor may be denied the right to visit at anytime at the descretion
of the shift supervisor.

If you refuse to fill out this sheet you will be denied any visits from the
public. You will however, still get your visits from your attorney or the
clergy.

## ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| ① Yes | ① Yes |
| ② No | ② No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**1 ORI #** 0,5,6,0,0,0,0  **2 AGENCY NAME** Randolph Co SO  **3 CASE #** 0,5,0,3,2,6,1,7,4  **4 SFX**

**5 LAST, FIRST, MIDDLE NAME** PINKARD TONY  **6 ALIAS AKA**

**7 SEX** ① M  **8 RACE** ② W  **9 HGT** 6'02  **10 WGT** 185  **11 EYE** BRO  **12 HAIR** BLK

☐ SCARS ☐ MARKS ☐ TATOOS ☐ AMPUTATIONS

**15 PLACE OF BIRTH** Roanoke, Randolph Co AL.  **16 SSN** 4201-914-51511  **17 DATE OF BIRTH** 08/16/73

**33 LOCATION OF ARREST** Rail Road Tract Hwy 77 Adam AL

**36 CONDITION OF ARRESTEE** ② SOBER  **37** NONE  **38** Y  

**41 DATE OF ARREST** 03/26/05  **42 TIME OF ARREST** 446 PM

**46 CHARGE-1** F.T.A. D.V. HARASSMENT 3rd

**51 WARRANT #** 2005 000163.00

**74 VCO** TOP BOTTOM Red  **75 TAG #** 56B371J  **76 LIS** 2005  **77 LIY** AL.

**78 VIN** KNJBT06K9J6118724  **80 STORAGE LOCATION** Kirb's Rock Mill Corl 75

**111 ARRESTING OFFICER** FORE WILLIAMS  **112 ID #** 565

Case No. TR93-261 & 263                 Defendant - TONY L. PINKARD
         TR01-1191

**OFFICERS RETURN:**

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

    YOU ARE HEREBY COMMANDED TO EXECUTE THIS ORDER AND MAKE RETURN

TO THE COURT.

    RECEIVED IN THIS OFFICE ON _____, _____.

    EXECUTED ON _____, _____, BY


_____        _____
SHERIFF                                LAWFUL OFFICER

IN THE DISTRICT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA,

    PLAINTIFF,

VS.

                                   CASE NO. TR93-263
                                                TR93-261

TONY L. PINKARD,
                                            TR01-1191

    DEFENDANT.

**Filed in Office**

MAR 2 8 2005

**KIM S. BENEFIELD**
Clerk of Circuit Court

CONTEMPT SHOW CAUSE

    You are hereby ORDERED to appear before the Court on **the 5**[th] day of April, 2005, at 9:00 a.m. at the Randolph County Courthouse, Wedowee, Alabama to SHOW CAUSE why you should not be held in CONTEMPT due to the following:

    (X)  1.  Failure to pay fines and cost. <u>Balance~ $5283.18</u>

    (X)  2.  Failure to report for review.

    (X)  3.  Failure to successfully complete Community Service.

    (X)  4.  Failure to attend and successfully complete the Court Referral Program.

    The Defendant's failure to appear shall result in the issuance of an arrest warrant.

    Done this 28th day of March, 2005.

                                                *W. Patrick Whaley*
                                              W. Patrick Whaley
                                              Judge

DOB:  08-16-1973        DL#: _____
SS#:  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      ADDRESS:  * In Co Jail *

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lamar Pinkard Sr.          D-Block        August 23, 2005
INMATE NAME                     BLOCK          DATE

STATE YOUR REQUEST: I Am Requesting to See the
Shiff About My Feet or the Judg My
Big toe is getting Infected I need to See
A Doctor this is the fourth Request Ive
Sent I will Appriciate it Thank You God Bless
                IF MORE SPACE IS NEEDED WRITE ON BACK

## DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

You need to fill out a medical request
form.

APPROVED:          YES_____     NO_____

Joseph M. DiAugusta
OFFICER SIGNATURE                              08-24-05
                                               DATE

## REVIEWED BY ADMINISTRATION:

**APPROVED** _____

**NOT APPROVED** _____

REASON FOR CHANGE IF APPLLICABLE:_____
_____
_____

CHIEF OR CAPTAIN'S SIGNATURE _____        DATE _____

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lamar Pinkard

**INMATE NAME**

D-Block

**BLOCK**

August 31, 2005

**DATE**

STATE YOUR REQUEST: I Am Requesting to talk to Craicy
About Letting us Get the TV After we eat in
the morning because It is Gospal Comes on in
the morning time And we miss half of Please I would
realy Apprieciate it very Much. Thank you GoD Bless

IF MORE SPACE IS NEEDED WRITE ON BACK

DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

The T.V. is to put in the block at shift
change

APPROVED:        YES _____    NO ___✗___

OFFICER SIGNATURE

DATE 08/31/05

REVIEWED BY ADMINISTRATION:

APPROVED _____

NOT APPROVED _____

REASON FOR CHANGE IF APPLLICABLE: _____
_____
_____

_____         _____
CHIEF OR CAPTAIN'S SIGNATURE                    DATE

DDX.18:04 10/09/2005 089767
AM.AL0560100.AL0560000,AL0560100.

TO RCSO    FROM RPD
                    PLACE HOLD ON TONY PINKARD W/M
DOB 8-16-73 SOC#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 OUR DEPT HOLD NWNI ON SUB   THANKS

AUTH/RWATKINS          AUTH/SCOFIELD

SEQ # 0066 MRI # 089767

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lama Vinbel Sr.    D-Block    October 10, 2005
**INMATE NAME**                    **BLOCK**        **DATE**

STATE YOUR REQUEST: I Am Requesting to have A visit
with MY Attorney Braxton Blake Lowe when
He comes.
                          Thank You God Bless you all

IF MORE SPACE IS NEEDED WRITE ON BACK

### DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

APPROVED:          YES_____    NO_____

_____                    _____
**OFFICER SIGNATURE**                         **DATE**

### REVIEWED BY ADMINISTRATION:

**APPROVED** _____

**NOT APPROVED** _____

REASON FOR CHANGE IF APPLLICABLE: If Mr. Lowe wants to
see you then he will tell us.

_____                    10/11/05
**CHIEF OR CAPTAIN'S SIGNATURE**               **DATE**

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lerman Pinkard Sr.
INMATE NAME

Cell Block - D
BLOCK

October 17 2005
DATE

STATE YOUR REQUEST: I Inmate Tony Pinkard is requesting for A HabeasScorpus, form this Jail Adminastrater and under the circumstances I am required A habeasscorpus form. Do I get to Address this to the Jail Adminastrater or the District Court. Under the Federal Rules This Jail Adminastrater is required to Supply this paper work

IF MORE SPACE IS NEEDED WRITE ON BACK

## DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

APPROVED:          YES_____          NO_____

OFFICER SIGNATURE                         10-12-05
                                          DATE

## REVIEWED BY ADMINISTRATION:

APPROVED _____

NOT APPROVED _____

REASON FOR CHANGE IF APPLLICABLE:_____

_____

_____

CHIEF OR CAPTAIN'S SIGNATURE                    DATE

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lamar Vinbard S.        D-Block        October 17, 2005
INMATE NAME                          BLOCK                    DATE

STATE YOUR REQUEST: I haven't had any Money on my account
within Ninty days. I would like to request for A
Indengent package, Not a Start up Kit. I don't
Make Store to get the Stuff I need For my
hygienes and Legal Purposes this Jail Should Are Indengent
Packages I would Appreciate It very Much Thank You.
IF MORE SPACE IS NEEDED WRITE ON BACK

## DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

APPROVED:                    YES_____    NO_____


OFFICER SIGNATURE                                    DATE

## REVIEWED BY ADMINISTRATION:

APPROVED _____

NOT APPROVED _____

REASON FOR CHANGE IF APPLLICABLE:_____


CHIEF OR CAPTAIN'S SIGNATURE                         DATE

**RANDOLPH COUNTY JAIL INMATE REQUEST FORM**

Jones Lamar Pinbow Sr,    (ell Block-C    November 29, 2005
INMATE NAME                          BLOCK              DATE

STATE YOUR REQUEST: I AM Requesting For A copy of the Report
that was written on November 29, 2005. I need it for my
Lawer. If Charges is being Put on me. my Lawer need
to Know What the Charges is and Why there being
that Brout against me.                    Thanks you Godbless youal
          IF MORE SPACE IS NEEDED WRITE ON BACK

**DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY**

_____
_____
_____
_____
_____

APPROVED:            YES_____    NO_____

_Craig Star_                          _11-30-05_
OFFICER SIGNATURE                     DATE

**REVIEWED BY ADMINISTRATION:**

**APPROVED** _____

**NOT APPROVED** _____

REASON FOR CHANGE IF APPLLICABLE: If charge are brought
against you then your attorney may
file for copies of the paperwork.

_____                     _11/30/05_
CHIEF OR CAPTAIN'S SIGNATURE          DATE

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at _2200_ o'clock _P_. m. at the following
location_D-block_

Below give a full description of the incident.  Be certain to include names of all persons involved,
either as participants or witnesses.  If a participant or witness is not a jail employee, please give
full address.

I (S,17) Matthew Fendley was advised by Capt. Craig
Davidson to assist in a shakedown in D-block
to look for shanks. Sharon Saddlewhite and Craig Hann
two other officers assisted in the shakedown. Under
the sink in Tony Pinkard, Jerald Cofield, and Jose
Delacruz's room officer Craig Hann found 3 shanks.

Forward to Jail Administration when complete.  Use additional sheets, if necessary.

Reporting Officer:_Matthew Fendley_

Date of Report:_11-29-05_          Time:_22:00_

Report given to:_Craig Davidson_

Report received by:_____

(Signature of receiving officer)

Date received:_11/30/05_   Time received:_0800_

*Tony Pinkard*

# ALABAMA COUNTY JAIL
## INCIDENT REPORT

I report the following incident which occurred at _5:00_ o'clock _A_. m. at the following location _C - Block_

Below give a full description of the incident. Be certain to include names of all persons involved, either as participants or witnesses. If a participant or witness is not a jail employee, please give full address.

Tony Pinkard refused to get dressed for meal call. STT Matt Fendley informed him that if he did not get dressed it would be a refusal for his food. Tony Pinkard said fuck that and walked off. Matt Fendley then again informed him that that would be a refusal. Tony Pinkard did not respond.

Forward to Jail Administration when complete. Use additional sheets, if necessary.

Reporting Officer: _Matthew Fendley_

Date of Report: _11-30-05_          Time: _5:30_

Report given to: _Craig Davidson_

Report received by: _____
        (Signature of receiving officer)

Date received: _11/30/05_          Time received: _0 500_

## ALABAMA COUNTY JAIL
## INMATE REQUEST FORM

NOTE:  Please print all information.

Name: Tony Lamar Pinkard Sr.           Cell: Cell Block-C

Date: November 30, 2005                Time: 12:30AM

Please check one of the following:

____ Medical        ____ Grievance        ____ Request for Special Visit

~) Other ~~Why~~ Why I was Moved

═══════════════════════════════════════════

BRIEFLY STATE YOUR REQUEST THEN GIVE TO JAIL OFFICER

I want to know If I'm not being charged why was I moved
out of my block. I have not caused any problems in that block
not one inmate could tell you I was a problem. I realy would
like to know why I realy would Appreciate it. Its ninteen other inmates got right
to go in that room any one could put that stuff under that toilet

DO NOT WRITE BELOW THIS LINE--FOR REPLY ONLY

You were moved because I received a report
that you were causing problems.

All  Inmate  Request  Forms  will  be  routed  through  the  shift
supervisor to the Jail Administrator for disposition.

═══════════════════════════════════════════

Copies to:    ____ Inmate
              ____ Inmate File
              ____ Disciplinary Hearing Board
              ____ Other _____

═══════════════════════════════════════════

Signature of Jail Officer receiving original request:

_____

        Date: _____    Time: _____

## RANDOLPH COUNTY JAIL INMATE REQUEST FORM

Tony Lamar Pinhard Sr.                    C - Block        December 12, 2005
INMATE NAME                                BLOCK            DATE

STATE YOUR REQUEST: I Am Requesting for the Address to
Montgomery American Civil Liberty Union for the
Legal purposes.

_____

IF MORE SPACE IS NEEDED WRITE ON BACK

## DO NOT WRITE BELOW THIS SPACE FOR REPLY BY STAFF ONLY

We do not have this information

_____

_____

_____

APPROVED:              YES_____    NO_____

_Jason Tayor_                                    12/12/05
OFFICER SIGNATURE                                DATE

## REVIEWED BY ADMINISTRATION:

**APPROVED** _____

**NOT APPROVED** _____

REASON FOR CHANGE IF APPLLICABLE: _____

_____

_____

CHIEF OR CAPTAIN'S SIGNATURE                     DATE

### Randolph County Jail Inmate Visitors

Inmate Name _____    Social Security Number _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

PLEASE LIST ALL LEGAL CHILDREN AND THEIR AGES

1. _____    _____
2. _____    _____
3. _____    _____
4. _____    _____
5. _____    _____

You will need to fill out 5 names of people who you want to visit with you. These pople must be at least 19 yrs of age. Any child under the age of 19 must be the legal child of the inmate. If they have been booked in the Randolph County Jail he/she must have been released for at least 3 years. Also, any visitor may be denied the right to visit at anytime at the descretion of the shift supervisor.

If you refuse to fill out this sheet you will be denied any visits from the public. You will however, still get your visits from your attorney or the clergy.

BOOKING NUMBER _2006003o_____

THE RANDOLPH COUNTY JAIL WILL NOT BE
HELD RESPONSIBLE FOR ANY PROPERTY LEFT
AFTER THIRTY DAYS OF BEING RELEASED OR
TRANSFERRED TO ANOTHER FACILITY. WE
RESERVE THE RIGHT TO DISPOSE OF ALL SAID
PROPERTY LEFT AFTER THIRTY DAYS.

    I AUTHORIZE THE RANDOLPH COUNTY
SHERIFF'S DEPARTMENT TO INSPECT ANY
INCOMING OR OUTGOING MAIL ADDRESSED TO
OR FROM ME.

    I HAVE RECEIVED OR HAVE BEEN READ A
COPY OF THE RANDOLPH COUNTY JAIL RULES
AND INFORMATION FOR INMATES.


_Tony Lamar Pickard Sr._____   _1-13-06_____
INMATE SIGNATURE                                         DATE

Booking Number: _2006003 0_

Items issued to inmate:

                                                        Returned

__ 1 __ Mattress ($100)                          _____
_____ Sheet ($15)                              _____
__ 1 __ Mattress Cover ($10)                     _____
__ 1 __ Blanket ($25)                            _____
_____ Towel ($15)                              _____
_____ Washcloth ($5)                           _____
_____ Toothbrush
_____ Toothpaste
_____ Soap
_____ Comb
_____ Cup

      You will be held responsible for all items you are issued.  If
the items are not returned or returned defaced in any way, you are
liable for the cost.

I received the above listed items.

Inmate Signature: X Tony Lamar Pinkard SG          Date: 1-13-06

Booking Number: 2006 00 30

Relationship Status: Married

Next of Kin: Minnie Prothro

Address: _____

Phone: 357-2029     Relationship: Grandmother

Hand: L

Write English: Y

Speak English: Y

Hearing Problems: Right

Religion: Christian

Vision Problems: N

Read English: Y

Education Level: 11th

Suffix Name: N

Gang: N

## HEALTH SCREENING FORM

1. HAVE YOU EVER HAD OR BEEN TREATED FOR:

| | | | |
|---|---|---|---|
| Y | ASTHMA | N | ALCOHOLISM |
| N | HEART CONDITION | N | MENTAL ILLNESS |
| N | HYPERTENSION | N | VENERAL DISEASE |
| N | DIABETES | N | TUBERCULOSIS |
| N | EPILEPSY OR SEIZURE | N | ULCER |
| N | DRUG ADDICTION | N | HEPATITIS |
| N | FAINTING SPELLS | N | HIGH BLOOD PRESSURE |
| | | | ANY OTHER |

IF ANY RESPONSE IS YES, EXPLAIN AND GIVE DATE OF LAST TREATMENT
_Asthma inhaler_

_N_ 2. HAVE YOU RECENTLY BEEN HOSPITALIZED OR TREATED BY A DOCTOR?
EXPLAIN_____

_Y_ 3. DO YOU CURRENTLY TAKE PRESCRIBED MEDICATION?
EXPLAIN _Acetaminophen, Albuterol inhaler, Amitriptyline, Gabapentin, Hydroxyzine_

_N_ 4. HAVE YOU EVER ATTEMPTED SUICIDE OR ARE YOU THINKING ABOUT IT NOW? EXPLAIN_____

_N_ 5. DO YOU USE ALCOHOL OR STREET DRUGS?
EXPLAIN_____

_N_ 6. ARE YOU ALLERGIC TO ANYTHING?
EXPLAIN_____

_N_ 7. DO YOU REQUIRE A SPECIAL DIET PRESCRIBED BY A DOCTOR?
EXPLAIN_____

_Y_ 8. ARE THERE ANY CERTAIN FOOD YOU CANNOT EAT?
EXPLAIN _Seafood_

_N_ 9. HAVE YOU EVER BEEN DETERMINED TO BE HIV POSITIVE?
WHEN?_____

_Y_ 10. DO YOU HAVE PROBLEMS WITH YOUR TEETH?
EXPLAIN _Back, right side_

_Y_ 11. ARE THERE ANY OTHER MEDICAL PROBLEMS WE SHOULD KNOW ABOUT? EXPLAIN _Back, Dislocated disc in back_

_N_ 12. DO YOU HAVE PERSONEL DOCTOR? WHO?_____

CHECK ONE

_✓_ THIS INMATE WAS COOPERATIVE IN RESPONDING TO THE ABOVE QUESTIONS AND ALLOWING ME TO OBSERVE HIM.

_____ THIS INMATE REFUSED OR WAS UNABLE TO COOPERATE AND REFUSED TO ANSWER MY QUESTIONS CONCERNING HIS MEDICAL HISTORY AND/OR POTENTIAL FOR SUICIDE. REASON FOR INABILITY:

_____
_____

Booking Number: _20060030_

## Visual Assessment

Yes/No

___N___ 1) Is inmate unconscious?

___N___ 2) Does the inmate have any visible signs of trauma, illness, obvious pain or bleeding requiring immediate Doctor's care?

___N___ 3) Is there any obvious fever, swollen lymph nodes, Jaundice or other signs of infection that may spread throughout the facility?

___N___ 4) Any signs of poor skin conditions, rashes, vermin or needle marks?

___N___ 5) Does inmate appear to be under the influence of drugs or alcohol?

___N___ 6) Any visible signs of alcohol or drug withdrawal?

___N___ 7) Does inmate appear to be a risk of suicide or assault?

___N___ 8) Is inmate carrying medication?

___N___ 9) Does inmate have any physical deformities?

___N___ 10) Does inmate appear to have psychiatric problems?

### For Females Only

___X___ 11) Are you pregnant?

12) Have you recently delivered?

13) Do you take birth control?

ooking Number: 20060030

harge: F T A (child support)

ook Date: 1/13/06    Time: 1244    Type: Full

rrest Date: 1/13/06    Time: 1200    Transfer In: Y

rresting Agency: RCSO    Arresting Officer: C. Davidson

ooking Officer: J. Traylor / V. Haynes    Searched By: J. Traylor

ype Search: Cloth ____ Metal ____ Pat ✓ Strip ____ Cavity ____

hoto Available: ✓    Print Taken: ✓    Phone Call Made: ✓

**roperty In Property Room**
ag # 24

- wht pair of Jeans
- cell phone
- Brn in color belt with belt buckle
- set of keys
- gray in color wallet

**Property In Safe**
Money $ ____

ignature of Inmate: X Tony Lamar Pinkard Sr.
ignature of Inmate Upon Release: X Tony Pinkard Sr.

1

# RANDOLPH COUNTY JAIL BOOKING SHEET

DATE 1/13/06        BOOKING NUMBER 2006 0030

NAME Tony Lamar Pinkard

PHONE _____        EYE Bro        HAIR Blk

ADDRESS 448 Co. Rd. 885

CITY Wadley            STATE Al    ZIP 36276

DOB 8-16-73    SEX M    RACE Blk    HT 6'2

WT 210    SOC 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    DL _____

PLACE OF BIRTH Roanoke        STATE Al

EMPLOYER _____    POSITION _____

ADDRESS _____    PHONE _____

REMARKS _____

RELEASE DATE 1/13/06    BY J. Whaley

SCARS/TATTOOS _____

ALABAMA JUDICIAL DATA CENTER

DISTRICT COURT OF    RANDOLPH COUNTY

ALIAS WARRANT        TR 2001 001191.00
                     JID: W. PATRICK WHALEY

THE   STATE OF ALABAMA        VS PINKARD TONY LAMAR

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: PINKARD TONY LAMAR
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: DUI
                                          ISSUED ON 11/02/2001.
WITNESS MY HAND THIS   FEBRUARY 17, 2006.

BOND SET AT:                        _

                                   _Kim S. Benfield_
                                   JUDGE/CLERK/MAGISTRATE (w)

DEFENDANT'S ADDRESS:
                              DEFENDANT'S DESCRIPTION  Filed in Office
448 HIGHLAND AVE
                              HT: 603    WT: 200
WADLEY          , AL 36276 0000   HAIR: BLK   EYE: BRO      FEB 17 2006
SSN: 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                  BIRTH DATE: 08/16/1973
                     DL: VA 420945151   RACE: B            KIM S. BENFIELD
                                        SEX: M             Clerk of Circuit Court
EMPLOYER: _____
                              PHONE NO: (256) 357-9004
TICKET NUMBER: M 4555634
                              AGENCY/OFFICER: AST1100/DEAN
( ) IF THIS BLOCK IS CHECKED, THE DEFENDANT MAY BE RELEASED UPON PAYMENT TO
    THE COURT THE FINE AND COST OF      $10,705.18.
NOTE:


OFFICERS RETURN:
RECEIVED ON _____

EXECUTED ON _____   BY: _____
( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER _____


SHERIFF _____        OFFICER _____


Received at County Jail
Time 1800  Date 2-20-06            Received in this office
                                   Time _____  Date 2-17

ERATOR:CYW
EPARED:02/17/2006

ALA. MA JUDICIAL DATA CENTER
DISTRICT COURT OF     RANDOLPH COUNTY

ALIAS WARRANT
JID: W. PATRICK WHALEY          DC 2005 000569.00

THE STATE OF ALABAMA          VS PINKARD TONY LAMAR

) ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: PINKARD TONY LAMAR
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: NEGOTIATING WORTHLESS IN - MISDEMEANOR

WITNESS MY HAND THIS  FEBRUARY 16, 2006.

BOND SET AT: NO BOND

_Kim S Benefield_
JUDGE/CLERK/MAGISTRATE

---

DEFENDANT'S ADDRESS:

44 CO RD 885 LOT #1

WADLEY          , AL 36276 0000

DEFENDANT'S DESCRIPTION:

HT: 000     WT: 000
HAIR:          EYE:
BIRTH DATE: 00/00/0000
RACE: B     SEX: M
SID#: 000000000
SSN#: 420945151

ALIAS:

EMPLOYER: _____          PHONE NO: _____

TICKET NUMBER: _____          AGENCY/OFFICER: 0560000/

NOTE:

THIS APPEARS TO BE A VALID ADDRESS

---

OFFICERS RETURN:
RECEIVED ON _____

EXECUTED ON _____          BY: _____

( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED BY LAW ENFORCEMENT, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER _____

( ) DEFENDANT ARRESTED BY SURETY
SHERIFF                    OFFICER

Received at County Jail
Time _____ Date 2/21/06    Received in this office
                              Time _____ Date 2-17-05

PERATOR:MAL
REPARED:02/16/2006

DISTRICT  COURT  OF  RANDOLPH COUNTY

ALIAS WARRANT

JID: W. PATRICK WHALEY                    DC 2005 000163.00

THE  STATE OF ALABAMA            VS PINKARD TONY LAMAR

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: PINKARD TONY LAMAR
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: DOM VIO 3RD-HARASSMENT    - MISDEMEANOR

WITNESS MY HAND THIS  FEBRUARY 16, 2006.

BOND SET AT: NO BOND          -                _____
                                               JUDGE/CLERK/MAGISTRATE

_____

DEFENDANT'S ADDRESS:                 DEFENDANT'S DESCRIPTION:

44 CO RD 885
                                     HT: 602    WT: 185
WADLEY            , AL 36276 0000    HAIR: BLK    EYE: BRO
                                     BIRTH DATE: 08/16/1973
                                     RACE: B    SEX: M
                                     SID#: 000000000
                                     SSN#: 420945151

  ALIAS:

  EMPLOYER: _____    PHONE NO: _____

  TICKET NUMBER:                     AGENCY/OFFICER: 0560000/
NOTE:

THIS APPEARS TO BE A VALID ADDRESS
_____

OFFICERS RETURN:
RECEIVED ON _____          /
EXECUTED ON _____   BY: _____
( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED BY LAW ENFORCEMENT, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER _____

( ) DEFENDANT ARRESTED BY SURETY
SHERIFF                          OFFICER

Received at County Jail
Time __13 6__ Date __2/21/06__

Received in this office
Time _____ Date __2-17 06__

OPERATOR:MAL
PREPARED: 02/16/2006

## Randolph County Jail Inmate Visitors

Inmate Name _____    Social Security Number _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

Visitor Name _____    DATE OF BIRTH _____

PLEASE LIST ALL LEGAL CHILDREN AND THEIR AGES

1. _____    _____
2. _____    _____
3. _____    _____
4. _____    _____
5. _____    _____

You will need to fill out 5 names of people who you want to visit with you. These pople must be at least 19 yrs of age. Any child under the age of 19 must be the legal child of the inmate. If they have been booked in the Randolph County Jail he/she must have been released for at least 3 years. Also, any visitor may be denied the right to visit at anytime at the descretion of the shift supervisor.

If you refuse to fill out this sheet you will be denied any visits from the public. You will however, still get your visits from your attorney or the clergy.

BOOKING NUMBER _70260144_

    THE RANDOLPH COUNTY JAIL WILL NOT BE
HELD RESPONSIBLE FOR ANY PROPERTY LEFT
AFTER THIRTY DAYS OF BEING RELEASED OR
TRANSFERRED TO ANOTHER FACILITY.  WE
RESERVE THE RIGHT TO DISPOSE OF ALL SAID
PROPERTY LEFT AFTER THIRTY DAYS.
    I AUTHORIZE THE RANDOLPH COUNTY
SHERIFF'S DEPARTMENT TO INSPECT ANY
INCOMING OR OUTGOING MAIL ADDRESSED TO
OR FROM ME.
    I HAVE RECEIVED OR HAVE BEEN READ A
COPY OF THE RANDOLPH COUNTY JAIL RULES
AND INFORMATION FOR INMATES.


_____        _2-24-06_
INMATE SIGNATURE                          DATE

Booking Number: _DO060144_

Items issued to inmate:

Returned

_____✓ Mattress ($100)          _____
_____ Sheet ($15)               _____
_____ Mattress Cover ($10)      _____
_____✓ Blanket ($25)            _____
_____ Towel ($15)               _____
_____ Washcloth ($5)            _____
_____ Toothbrush
_____ Toothpaste
_____ Soap
_____ Comb
_____ Cup

   You will be held responsible for all items you are issued.  If
the items are not returned or returned defaced in any way, you are
liable for the cost.

I received the above listed items.

Inmate Signature: _Tony Tamadinbul Sr._          Date: _2-24-06_

ooking Number: _2006044_

elationship Status: ___Married___

ext of Kin: ___Bobby Pinkard___

ddress: _____

hone: _____ Relationship: ___wife___

land: ___right___                Vision Problems: ___no___

Write English: ___yes___          Read English: ___yes___

peak English: ___yes___          Education Level: ___10th___

learing Problems: ___no___       Suffix Name: ___no___

Religion: _____               Gang: ___no___

HEALTH SCREENING FORM

1. HAVE YOU EVER HAD OR BEEN TREATED FOR:

| | |
|---|---|
| _u_ ASTHMA | _u_ ALCOHOLISM |
| HEART CONDITION | MENTAL ILLNESS |
| HYPERTENSION | VENERAL DISEASE |
| DIABETES | TUBERCULOSIS |
| EPILEPSY OR SEIZURE | ULCER |
| DRUG ADDICTION | HEPATITIS |
| FAINTING SPELLS | HIGH BLOOD PRESSURE |
| | ANY OTHER |

IF ANY RESPONSE IS YES, EXPLAIN AND GIVE DATE OF LAST TREATMENT

_no_ 2. HAVE YOU RECENTLY BEEN HOSPITALIZED OR TREATED BY A DOCTOR? EXPLAIN_____

_yes_ 3. DO YOU CURRENTLY TAKE PRESCRIBED MEDICATION? EXPLAIN _albuterol_

_no_ 4. HAVE YOU EVER ATTEMPTED SUICIDE OR ARE YOU THINKING ABOUT IT NOW? EXPLAIN_____

_no_ 5. DO YOU USE ALCOHOL OR STREET DRUGS? EXPLAIN_____

_no_ 6. ARE YOU ALLERGIC TO ANYTHING? EXPLAIN_____

_no_ 7. DO YOU REQUIRE A SPECIAL DIET PRESCRIBED BY A DOCTOR? EXPLAIN_____

_no_ 8. ARE THERE ANY CERTAIN FOOD YOU CANNOT EAT? EXPLAIN_____

_no_ 9. HAVE YOU EVER BEEN DETERMINED TO BE HIV POSITIVE? WHEN?_____

_no_ 10. DO YOU HAVE PROBLEMS WITH YOUR TEETH? EXPLAIN_____

_no_ 11. ARE THERE ANY OTHER MEDICAL PROBLEMS WE SHOULD KNOW ABOUT? EXPLAIN_____

_no_ 12. DO YOU HAVE PERSONEL DOCTOR? WHO?_____

CHECK ONE

___✓___ THIS INMATE WAS COOPERATIVE IN RESPONDING TO THE ABOVE QUESTIONS AND ALLOWING ME TO OBSERVE HIM.

_____ THIS INMATE REFUSED OR WAS UNABLE TO COOPERATE AND REFUSED TO ANSWER MY QUESTIONS CONCERNING HIS MEDICAL HISTORY AND/OR POTENTIAL FOR SUICIDE. REASON FOR INABILITY:

_____

_____

ooking Number: _2oo6o144_

## Visual Assessment

es/No

_no_ 1) Is inmate unconscious?

_no_ 2) Does the inmate have any visible signs of trauma, illness, obvious pain or bleeding requiring immediate Doctor's care?

_no_ 3) Is there any obvious fever, swollen lymph nodes, Jaundice or other signs of infection that may spread throughout the facility?

_no_ 4) Any signs of poor skin conditions, rashes, vermin or needle marks?

_no_ 5) Does inmate appear to be under the influence of drugs or alcohol?

_no_ 6) Any visible signs of alcohol or drug withdrawal?

_no_ 7) Does inmate appear to be a risk of suicide or assault?

_no_ 8) Is inmate carrying medication?

_no_ 9) Does inmate have any physical deformities?

_no_ 10) Does inmate appear to have psychiatric problems?

## For Females Only

_____ 11) Are you pregnant?

_____ 12) Have you recently delivered?

_____ 13) Do you take birth control?

Booking Number: _200 60144_

Charge: _F7A X 3_

Book Date: _2-24-06_   Time: _18;13_   Type: _Fa 11_

Arrest Date: _2-24-06_   Time: _17:52_   Transfer In: _____

Arresting Agency: _RCSD_     Arresting Officer: _R.Kirby_

Booking Officer: _M.Fendley_     Searched By: _M.Fendley_

Type Search: Cloth ___   Metal ___   Pat _✓_   Strip ___   Cavity ___

Photo Available: _✓_   Print Taken: ____   Phone Call Made: ____

Property In Property Room          Property In Safe
Bag # _Box 4_                      Money $ _101,18_

- Belt                             - 2 lighters
- yellow shirt                     - pair gloves
- hat                              - wallet
- Jeans
- Blue Tank Top                    - earring in (File)

Signature of Inmate: _Jomy Lamar Pinbard Sr._
Signature of Inmate Upon Release: _Jony Pinbard Sr._

# RANDOLPH COUNTY JAIL BOOKING SHEET

DATE _2-24-06_          BOOKING NUMBER _20060144_

NAME _Terry Pinkard_

PHONE _334-863-2390_    EYE _Br_    HAIR _BLK_

ADDRESS _Hwy 22 W 226 Piedmont St_

CITY _Roanoke_          STATE _AL_  ZIP _36274_

DOB _8-6-73_  SEX _Male_  RACE _BLK_  HT _6'2_

WT _175_   SOC _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_   DL _____

PLACE OF BIRTH _Roanoke_        STATE _AL_

EMPLOYER _Daniel Hernandez (Trinity Construction)_ POSITION _____

ADDRESS _____        PHONE _____

REMARKS _____

RELEASE DATE _____    BY _____

SCARS/TATTOOS _____

## ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| [1] Yes | [1] Yes |
| [2] No | [2] No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

### IDENTIFICATION

| 1 ORI | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,5,6,0,0,0,0 | R C S O | 0,6,0,2,2,4,0,9,7 | |

5 LAST, FIRST, MIDDLE NAME: Pinkard Tony Lamar

6 ALIAS AKA:

| 7 SEX [1]M [2]F | 8 RACE [1]W [2]B [3]A [4]I | 9 HGT. 62 | 10 WGT. 185 | 11 EYE BRN | 12 HAIR BLK | 13 SKIN | 14 | [1] SCARS | [2] MARKS | [3] TATOOS | [4] AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) Roanoke | 16 SSN 420 - 19 - 5151 | 17 DATE OF BIRTH 08/16/73 | 18 AGE 32 | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|

| 20 SID # | 21 FINGERPRINT CLASS  KEY  MAJOR  PRIMARY  SCDV  SUB-SECONDARY  FINAL | 22 DL # | 23 ST |
|---|---|---|---|

| 24 FBI # | HENRY CLASS / NCIC CLASS | 25 IDENTIFICATION COMMENTS |
|---|---|---|

| 26 [X] RESIDENT [2] NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 226 Peidmont St Roanoke Al | 28 RESIDENCE PHONE 863 2390 | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) Dan Hernandez | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE 863 7878 |
|---|---|---|

### ARREST

33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP):

| 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? [X] YES [ ] NO  [ ] IN STATE [ ] OUT STATE AGENCY |
|---|---|

| 36 CONDITION OF ARRESTEE: [1] DRUNK [2] DRINKING [X] SOBER [4] DRUGS | 37 RESIST ARREST? [1] YES [X] NO | 38 INJURIES? [X] NONE [2] OFFICER [3] ARRESTEE | 39 ARMED? [1] Y [X] N | 40 DESCRIPTION OF WEAPON [1] HANDGUN [2] RIFLE [3] SHOTGUN [4] OTHER FIREARM [5] OTHER WEAPON |
|---|---|---|---|---|

| 41 DATE OF ARREST 02/21/06 | 42 TIME OF ARREST 1752 [1] AM [2] PM [3] MIL. | 43 DAY OF ARREST S M [T] W T F S | 44 TYPE ARREST [X] ON VIEW [ ] CALL [ ] WARRANT | 45 ARRESTED BEFORE? [X] YES [2] NO [3] UNKNOWN |
|---|---|---|---|---|

| 46 CHARGE-1 [1] FEL [2] MISD  FTA D.V. Harassment | 47 UCR CODE | 48 CHARGE-2 [1] FEL [2] MISD  FTA NWNI | 49 UCR CODE |
|---|---|---|---|
| 50 STATE CODE/LOCAL ORDINANCE 00016.3.00 | 51 WARRANT # OC 2005 | 52 DATE ISSUED 02/21/06 | 53 STATE CODE/LOCAL ORDINANCE 000569.00 | 54 WARRANT # OC 2005 | 55 DATE ISSUED 02/21/06 |

| 56 CHARGE-3 [1] FEL [2] MISD  FTA D.U.I | 57 UCR CODE | 58 CHARGE-4 [1] FEL [2] MISD | 59 UCR CODE |
|---|---|---|---|
| 60 STATE CODE/LOCAL ORDINANCE 00191.00 | 61 WARRANT # TR 2001 | 62 DATE ISSUED 02/21/06 | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED  M D Y |

| 66 ARREST DISPOSITION [X] HELD [2] BAIL [3] RELEASED [4] TOT-LE [5] OTHER | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

### VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| 78 VIN | | | | 79 IMPOUNDED? [1] YES [2] NO | 80 STORAGE LOCATION/IMPOUND # | | |

81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED:

[ ] CONTINUED IN NARRATIVE

### JUVENILE

| 82 JUVENILE DISPOSITION: [1] HANDLED AND RELEASED [2] REF. TO JUVENILE COURT [3] REF. TO WELFARE AGENCY [4] REF. TO OTHER POLICE AGENCY [5] REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |

### RELEASE

| 91 DATE AND TIME OF RELEASE  M D Y : [1] AM [2] PM [3] MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|

| 95 RELEASED TO | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE [1] YES [2] NO [3] PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE):

LOCAL USE

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | 97 STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE [ ] Y [ ] N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) Kirby | 112 ID # 5610 | 113 ARRESTING OFFICER (LAST, FIRST, M.) Grant Jr | 114 ID # 5611 | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

## PROBATION REVOCATION

STATE OF ALABAMA,                    IN THE DISTRICT COURT OF
                                     RANDOLPH COUNTY, ALABAM ·

PLAINTIFF,                                CASE NO. DC05-163,569
Tony Pinkard

You are hereby ORDERED to appear on the 9th day of May,  2006, 8:30
A.M. in courtroom #1 to SHOW CAUSE why Your order of probation should
Not be revoked due to the following:

(   )   1. Failure to pay fines, cost and restitution in the amount  $

( X  )   2. Failure to successfully complete  58  days Community Service
Work.

( X  )   3. Failure to report for review.

(   )    4. Failure to attend and successfully complete Court Referral Program.
         **See  Document attached
(   )    5. New Criminal Charge:

The Defendant's failure to appear shall result in the issuance of an arrest
warrant.
Done this 21th day of April, 2006

                         _W P Whaley_____
                         W. Patrick Whaley  District Judge

DOB: 8-16-73        DL#
SSN# 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    ADDRESS: House# 786 CR 805 Wedowee Al 36278
RACE: B             SEX: M
HT : 6'02"          WT: 165        Eyes :Bro        Hair: Blk


**Filed in Office**

APR 2 5 2006

KIM S. BENEFIELD
Clerk of Circuit Court

IN THE DISTRICT COURT OF RANDOLPH COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )
VS                        )     CASE NO. _TR·01-1191_
                          )
_Tony L. Pinkard_         )
DEFENDANT                 )
                          )

**Filed in Office**

OCT 3 0 2006

KIM S. BENEFIELD
Clerk of Circuit Court

### ORDER FOR WRIT OF ARREST

The District Attorney's Restitution Recovery Division has advised this Court that the above named Defendant has Failed to Comply in paying Court Ordered restitution, costs, fines, and fees as previously ORDERED by this Court. On _2/14/06_ Defendant was Ordered to pay $ _100.00_ per _Month_ beginning _February_. Defendant now owes $ _900.00_ to be in compliance as of _November_. Defendant last paid on _8/17/04_ the sum of $ _150.00_.

**IT IS ORDERED** that a **FAILURE TO COMPLY WRIT OF ARREST BE ISSUED** in this matter. Defendant shall purge from the _Randolph_ County Jail upon payment of $ _900.00_ to bring him/her under compliance as of _November_ ; plus any payments due from this date until time of arrest. Further, Defendant shall be bonded for the next Restitution Recovery Court date.

Done this the _20th_ day of _October_ 2006.

_____
DISTRICT JUDGE

Defendant's address: _226 Piedmont St_
_Roanoke, AL 36274_
Race: _B_ Sex: _M_ Date of Birth: _8/16/73_
SS# _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_ DL# _420945151 VA_
COMMENTS: _____
_____

Executed this _____ day of _____, 2006, by arresting defendant and
( ) placing him/her in the _____ County Jail.
( ) allowing defendant to purge upon payment of $ _____ to the Circuit
Clerk's Office and making bond for _____

_____
Deputy Sheriff

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R&I Completed |
|---|---|
| ☒ Yes ☐ No | ☒ Yes ☐ No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## IDENTIFICATION

**1 ORI #** 0560000    **2 AGENCY NAME** RCSO    **3 CASE #** 0101080    **4 SFX**

**5 LAST, FIRST, MIDDLE NAME** Pinkard Tony    **6 ALIAS AKA**

**7 SEX** ☒ M ☐ F   **8 RACE** ☐ W ☐ A ☐ B ☐ I   **9 HGT** 5'9   **10 WGT** 150   **11 EYE** Bro   **12 HAIR** Blk   **13 SKIN** m   **14** ☐1 SCARS ☐2 MARKS ☐3 TATOOS ☐4 AMPUTATIONS

**15 PLACE OF BIRTH (CITY, COUNTY, STATE)** Randolph   **16 SSN** 421(?)-14-151 51   **17 DATE OF BIRTH** 08 16 73   **18 AGE** 33   **19 MISCELLANEOUS ID #**

**20 SID #**    **21 FINGERPRINT CLASS   KEY   MAJOR   PRIMARY   SCDV   SUB-SECONDARY   FINAL**   **22 DL #**    **23 ST**

**24 FBI #**   HENRY CLASS / NCIC CLASS    **25 IDENTIFICATION COMMENTS**

**26** ☐1 RESIDENT ☐2 NON–RESIDENT   **27 HOME ADDRESS (STREET, CITY, STATE, ZIP)**   **28 RESIDENCE PHONE** ( )   **29 OCCUPATION (BE SPECIFIC)**

**30 EMPLOYER (NAME OF COMPANY/SCHOOL)** NC   **31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP)**   **32 BUSINESS PHONE**

## ARREST

**33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP)** Chambers Co   **34 SECTOR #**   **35 ARRESTED FOR YOUR JURISDICTION?** ☐ YES ☐ NO   ☐1 IN STATE ☐2 OUT OF STATE AGENCY

**36 CONDITION OF ARRESTEE:** ☐1 DRUNK ☒2 SOBER ☐3 DRINKING ☐4 DRUGS   **37 RESIST ARREST?** ☐1 YES ☐2 NO   **38 INJURIES?** ☐1 OFFICER ☐2 ARRESTEE ☒ NONE   **39 ARMED?** ☐ Y ☒ N   **40 DESCRIPTION OF WEAPON** ☐1 HANDGUN ☐2 RIFLE ☐3 SHOTGUN ☐4 OTHER FIREARM ☐5 OTHER WEAPON

**41 DATE OF ARREST** 11 98 07   **42 TIME OF ARREST** ☐1 A.M. ☐2 P.M. ☐3 MIL.   **43 DAY OF ARREST** S M T W T F S   **44 TYPE ARREST** ☒1 ON VIEW ☐2 WARRANT ☐3 WARRANT   **45 ARRESTED BEFORE?** ☐1 YES ☐2 NO ☐3 UNKNOWN

**46 CHARGE – 1** ☐ FEL ☒ MISD   CJTTA Childsupport   **47 UCR CODE**   **48 CHARGE – 2** ☐ FEL ☐ MISD   FTA   **49 UCR CODE**

**50 STATE CODE/LOCAL ORDINANCE** 2003104   **51 WARRANT #**   **52 DATE ISSUED** M D Y   **53 STATE CODE/LOCAL ORDINANCE** **54 WARRANT #**   **55 DATE ISSUED** M D Y

**56 CHARGE – 3** ☐ FEL ☒ MISD   FTA Dom 3 Harr   **57 UCR CODE**   **58 CHARGE – 4** ☐ FEL ☒ MISD   FTA Rwrl   **59 UCR CODE**

**60 STATE CODE/LOCAL ORDINANCE** DC-2005 16   **61 WARRANT #**   **62 DATE ISSUED** M D Y   **63 STATE CODE/LOCAL ORDINANCE** **64 WARRANT #** DC 2005 507   **65 DATE ISSUED** M D Y

**66 ARREST DISPOSITION** ☒1 HELD ☐2 BAIL ☐3 RELEASED ☐4 TOT–LE ☐5 OTHER   **67 IF OUT ON RELEASE WHAT TYPE?**   **68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME)**

**69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME)**

## VEHICLE

**70 VYR**   **71 VMA**   **72 VMO**   **73 VST**   **74 VCO** TOP BOTTOM   **75 TAG #**   **76 LIS**   **77 LIY**

**78 VIN**   **79 IMPOUNDED?** ☐1 YES ☐2 NO   **80 STORAGE LOCATION/IMPOUND #**

**81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED**   ☐ CONTINUED IN NARRATIVE

## JUVENILE

**82 JUVENILE DISPOSITION:** ☐1 HANDLED AND RELEASED ☐2 REF. TO JUVENILE COURT ☐3 REF. TO WELFARE AGENCY ☐4 REF. TO OTHER POLICE AGENCY ☐5 REF. TO ADULT COURT   **83 RELEASED TO**

**84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME)**   **85 ADDRESS (STREET, CITY, STATE, ZIP)**   **86 PHONE** ( )

**87 PARENTS EMPLOYER**   **88 OCCUPATION**   **88 ADDRESS (STREET, CITY, STATE, ZIP)**   **90 PHONE** ( )

## RELEASE

**91 DATE AND TIME OF RELEASE** M D Y : ☐1 AM ☐2 PM ☐3 MIL.   **92 RELEASING OFFICER NAME**   **93 AGENCY/DIVISION**   **94 ID #**

**95 RELEASED TO:**   **96 AGENCY/DIVISION**   **97 AGENCY ADDRESS**

**98 PERSONAL PROPERTY RELEASED TO ARRESTEE** ☐1 YES ☐2 NO ☐3 PARTIAL   **99 PROPERTY NOT RELEASED/HELD AT:**   **100 PROPERTY #**

**101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)**

LOCAL USE / STATE USE

**102 SIGNATURE OF RECEIVING OFFICER**   **103 SIGNATURE OF RELEASING OFFICER**

**MULTIPLE CASES CLOSED**   **104 CASE #**   **105 SFX**   **106 CASE #**   **107 SFX**   **108 CASE #**   **109 SFX**   **110 ADDITIONAL CASES CLOSED NARRATIVE** ☐ Y ☐ N

**111 ARRESTING OFFICER (LAST, FIRST, M.)** Pillard WP   **112 ID #** 562   **113 ARRESTING OFFICER (LAST, FIRST, M.)**   **114 ID #**   **115 SUPERVISOR** WP   **ID #** 562   **116 WATCH CMDR.**   **ID #**

## TYPE OR PRINT IN BLACK INK ONLY

ACJIC—34 REV. 10-90

# EXHIBIT B

## Affidavit of Craig Davidson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

TONY LAMAR PINKARD, SR.,            )
                                     )
    Plaintiff,              )
                                     )
v.                                   )  CIVIL ACTION NO.: 3:07-CV-70-MEF
                                     )
CRAIG DAVIDSON,                      )
                                     )
    Defendants,             )

## AFFIDAVIT OF CRAIG DAVIDSON

STATE OF ALABAMA            )
                             )
COUNTY OF RANDOLPH          )

1.    My name is Craig Davidson. I am over the age of nineteen and am competent to execute this Affidavit, which is based on my personal knowledge, training and experience.

2.    I am a correctional officer of the Randolph County Jail, Randolph County, Alabama, and was a correctional officer at all times relevant to Plaintiff's Complaint.

3.    I have reviewed the Plaintiff's Complaint filed in this matter. I have some personal knowledge of the facts stated in the Complaint.

4.    It is the policy of the Randolph County Sheriff's Department that members of the Jail staff receive and answer inmate grievances. Forms on which grievances may be relayed to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Grievances are given to me or to the Jail Administrator, Shirley Johnson. Grievances relating to me personally would be given directly to the Jail Administrator. Any decisions of

myself or the Jail Administrator can be appealed to the Randolph County Sheriff.  Copies of all

completed grievances and request forms are placed in an inmate's Jail file.

    5.     Inmates are made aware of the grievance procedure.

    6.     To not provide an inmate with a grievance form or address a grievance would be a

violation of the policy of this Jail.

    7.     The Plaintiff has not filed a grievance with respect to any of the allegations in his

lawsuit.

    8.     Jail personnel are occasionally required to use physical force in the performance

of their duties in order to ensure the orderly administration of the Jail and the safety of Jail staff

and inmates.  However, the Randolph County Jail has a policy forbidding the use of excessive

force in pursuit of those goals.  It would be a violation of Jail policy for Jail personnel to use

excessive or unnecessary force directed towards an inmate.

    9.     On or about January 9, 2007, I received a report from Corrections Officer Ronald

Smith that the Plaintiff had been making an unreasonable amount of noise throughout the

previous night, banging on doors, yelling, and cursing at the Jail staff.  The Plaintiff's activity

was disruptive to the Jail and potentially agitating to the other inmates.  I determined that for

administrative reasons, the Plaintiff should be placed alone in a holding cell until he calmed

down.

    10.    When I notified the Plaintiff that he was being moved to a holding cell, he refused

to comply and was verbally abusive and argumentative.  I warned the Plaintiff three (3) times

that he must comply with my directions and, should he continue to refuse, that he would be

sprayed with chemical spray.  Nevertheless, the Plaintiff continued to refuse to comply with my

directions to exit his cell block and accompany me to a holding cell, and continued to curse and

2

argue. I then proceeded to spray the Plaintiff with my chemical spray, which enabled me to handcuff him without injury to either the Plaintiff or me.

11.    Though I was finally able to get my handcuffs on the Plaintiff, he was struggling so hard that I was unable to "double lock" the handcuffs. Double locking handcuffs prevents them from tightening on the wrists any further. Because the Plaintiff's vigorous resistance did not permit me to double lock the handcuffs, it is possible that the handcuffs tightened on his wrists to the point where the Plaintiff felt some pain. However, the Plaintiff was not handcuffed longer than a few minutes, and there were no visible signs of injury to the Plaintiff's wrists when the handcuffs were later removed.

12.    Jail policy requires that any inmate who is subject to chemical spray be "decontaminated" as soon as reasonably possible. Therefore, I proceeded to escort the Plaintiff to an outside Jail yard for decontamination. However, the Plaintiff remained physically resistant and, even after being handcuffed, was attempting to resist being escorted to the Jail yard. At one point while passing through a doorway, the Plaintiff attempted to pull away from me and I was forced to pin him against a wall to regain control. However, the Plaintiff was not injured during that incident.

13.    After we reached the jail yard, I used a garden hose to spray water on the Plaintiff's head, along with shampoo, in order to wash the chemical spray off of the Plaintiff's head and face. During this process, the Plaintiff continued to struggle and resist, and hit his own head against the water hose. However, upon immediate examination, the Plaintiff did not exhibit any mark on his head, and I did not observe any blood. The Plaintiff did not complain at the time that he had hit his head. The Plaintiff was then escorted to a holding cell, and I retrieved his asthma inhaler for his use.

3

14. The force used in the aforementioned incident was restricted to the minimum force necessary to remove the Plaintiff from his cell, maintain control of him while escorting him through the jail, and decontaminating him as a result of the chemical spray. At no time was the Plaintiff struck, kicked, or otherwise assaulted by myself or any other correctional officer. Though the Plaintiff was verbally belligerent and physically abusive, at no time did I threaten to kill the Plaintiff. The Plaintiff was not injured in any way during the incident. Jail records reveal no medical assistance or request for medical assistance related to this incident.

15. There is one video camera in the Jail that would monitor the Plaintiff's cell block and cell. However, that camera is for monitoring purposes only, and does not record.

16. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate records, kept at the Randolph County Jail in the regular course of business.

17. I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this Affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Craig Davidson

**SWORN TO** and **SUBSCRIBED** before me this 2 day of March, 2007.

Shirley Johnson
NOTARY PUBLIC

My Commission Expires: 01-06-11

# EXHIBIT C

**Affidavit of Stacy Boyd**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

TONY LAMAR PINKARD, SR.,        )
                                )
    Plaintiff,                  )
                                )
v.                              )    CIVIL ACTION NO.: 3:07-CV-70-MEF
                                )
CRAIG DAVIDSON,                 )
                                )
    Defendants.                 )

## AFFIDAVIT OF STACY BOYD

STATE OF ALABAMA         )
                         )
COUNTY OF RANDOLPH       )

    1.    My name is Stacy Boyd. I am over the age of nineteen and am competent to execute this Affidavit, which is based on my personal knowledge, training and experience.

    2.    I am a correctional officer of the Randolph County Jail, Randolph County, Alabama, and was a correctional officer at all times relevant to Plaintiff's Complaint.

    3.    I have reviewed the Plaintiff's Complaint filed in this matter. I have some personal knowledge of the facts stated in the Complaint.

    4.    It is the policy of the Randolph County Sheriff's Department that members of the Jail staff receive and answer inmate grievances. Forms on which grievances may be relayed to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Grievances are given to Captain Davidson or to the Jail Administrator, Shirley Johnson. Any decisions of Captain Davidson or the Jail Administrator can be appealed to the Randolph

County Sheriff. Copies of all completed grievances and request forms are placed in an inmate's Jail file.

   5.     Inmates are made aware of the grievance procedure.

   6.     To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this Jail.

   7.     To my knowledge the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

   8.     Jail personnel are occasionally required to use physical force in the performance of their duties in order to ensure the orderly administration of the Jail and the safety of Jail staff and inmates. However, the Randolph County Jail has a policy forbidding the use of excessive force in pursuit of those goals. It would be a violation of Jail policy for Jail personnel to use excessive or unnecessary force directed towards an inmate.

   9.     On or about January 9, 2007, I was in the Jail office when I heard Captain Davidson spray the Plaintiff with chemical spray. Jail policy requires that any inmate who is subject to chemical spray be "decontaminated" as soon as reasonably possible. Therefore, on my own initiative, I obtained shampoo and took it to the Jail yard where Captain Davidson was decontaminating the Plaintiff. At that point I witnessed Captain Davidson washing the Plaintiff's head with water from a hose. I did not witness the Plaintiff get hit with the water hose, nor did I observe any marks on the Plaintiff's head or blood anywhere on the Plaintiff.

   10.    Shortly after the foregoing, I observed the Plaintiff being escorted through the Jail booking area to a holding cell. At that time I asked the Plaintiff if he was all right, and he responded that his chest was hurting because of his asthma. I then observed the Plaintiff being put in a holding cell.

11.    There is one video camera in the Jail that would monitor the Plaintiff's cell block and cell. However, that camera is for monitoring purposes only, and does not record.

12.    I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this Affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Stacy Boyd

**SWORN TO** and **SUBSCRIBED** before me this ____ day of March, 2007.


_____
NOTARY PUBLIC

My Commission Expires: 01 - 06 - 2011

3

## EXHIBIT D

**Affidavit of Matthew Fendley**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TONY LAMAR PINKARD, SR., )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: 3:07-CV-70-MEF
)
CRAIG DAVIDSON, )
)
Defendants. )

AFFIDAVIT OF MATTHEW FENDLEY

STATE OF ALABAMA )
)
COUNTY OF RANDOLPH )

1.  My name is Matthew Fendley.  I am over the age of nineteen and am competent to execute this Affidavit, which is based on my personal knowledge, training and experience.

2.  I am a correctional officer of the Randolph County Jail, Randolph County, Alabama, and was a correctional officer at all times relevant to Plaintiff's Complaint.

3.  I have reviewed the Plaintiff's Complaint filed in this matter.  I have some personal knowledge of the facts stated in the Complaint.

4.  It is the policy of the Randolph County Sheriff's Department that members of the Jail staff receive and answer inmate grievances.  Forms on which grievances may be relayed to the Jail staff are readily available in the Jail.  Inmates are furnished these forms at any time they request one.  An exception exists for requests of an emergency nature, which may be made orally.  Grievances are given to Captain Davidson or to the Jail Administrator, Shirley Johnson.  Any decisions of Captain Davidson or the Jail Administrator can be appealed to the Randolph

County Sheriff. Copies of all completed grievances and request forms are placed in an inmate's Jail file.

5.    Inmates are made aware of the grievance procedure.

6.    To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this Jail.

7.    To my knowledge the Plaintiff has not filed a grievance with respect to any of the allegations in his lawsuit.

8.    Jail personnel are occasionally required to use physical force in the performance of their duties in order to ensure the orderly administration of the Jail and the safety of Jail staff and inmates. However, the Randolph County Jail has a policy forbidding the use of excessive force in pursuit of those goals. It would be a violation of Jail policy for Jail personnel to use excessive or unnecessary force directed towards an inmate.

9.    On or about January 9, 2007, I accompanied Captain Craig Davidson to move the Plaintiff from his current cell to a holding cell. When the Plaintiff was notified that he was being moved to a holding cell, he refused to comply and was verbally abusive and argumentative. I witnessed and heard Captain Davidson warn the Plaintiff three (3) times that he must comply with his directions and, should he continue to refuse, that he would be sprayed with chemical spray. Nevertheless, the Plaintiff continued to refuse to comply with his directions to exit his cell block and accompany us to a holding cell, and continued to curse and argue. I then witnessed Captain Davidson spray the Plaintiff with chemical spray, which enabled us to handcuff him.

10.   Jail policy requires that any inmate who is subject to chemical spray be "decontaminated" as soon as reasonably possible. I witnessed Captain Davidson escort the

2

Plaintiff to an outside Jail yard for decontamination. The Plaintiff was then escorted to a holding cell.

11. The force used in the aforementioned incident was restricted to the minimum force necessary to remove the Plaintiff from his cell. Though the Plaintiff was verbally belligerent and physically abusive, at no time was the Plaintiff struck, kicked, or otherwise assaulted by myself or any other correctional officer. The Plaintiff was not injured in any way during the incident. Jail records reveal no medical assistance or request for medical assistance related to this incident.

12. There is one video camera in the Jail that would monitor the Plaintiff's cell block and cell. However, that camera is for monitoring purposes only, and does not record.

13. I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this Affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Matthew Fendley

**SWORN TO** and **SUBSCRIBED** before me this ____ day of March, 2007.

_____
NOTARY PUBLIC

My Commission Expires:_____

3

**EXHIBIT E**

**Affidavit of Ronald Smith**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| TONY LAMAR PINKARD, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07-CV-70-MEF |
| | ) |
| CRAIG DAVIDSON, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF RONALD SMITH

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF RANDOLPH | ) |

1.    My name is Ronald Smith.  I am over the age of nineteen and am competent to execute this Affidavit, which is based on my personal knowledge, training and experience.

2.    I am a correctional officer of the Randolph County Jail, Randolph County, Alabama, and was a correctional officer at all times relevant to Plaintiff's Complaint.

3.    I have reviewed the Plaintiff's Complaint filed in this matter.  I have some personal knowledge of the facts stated in the Complaint.

4.    It is the policy of the Randolph County Sheriff's Department that members of the Jail staff receive and answer inmate grievances.  Forms on which grievances may be relayed to the Jail staff are readily available in the Jail.  Inmates are furnished these forms at any time they request one.  An exception exists for requests of an emergency nature, which may be made orally.  Grievances are given to Captain Davidson or to the Jail Administrator, Shirley Johnson. Any decisions of Captain Davidson or the Jail Administrator can be appealed to the Randolph

County Sheriff. Copies of all completed grievances and request forms are placed in an inmate's

Jail file.

5. Inmates are made aware of the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a

violation of the policy of this Jail.

7. To my knowledge the Plaintiff has not filed a grievance with respect to any of the

allegations in his lawsuit.

8. Jail personnel are occasionally required to use physical force in the performance

of their duties in order to ensure the orderly administration of the Jail and the safety of Jail staff

and inmates. However, the Randolph County Jail has a policy forbidding the use of excessive

force in pursuit of those goals. It would be a violation of Jail policy for Jail personnel to use

excessive or unnecessary force directed towards an inmate.

9. On the night of January 8, 2007 and the morning of January 9, 2007, I witnessed

and heard the Plaintiff making a great deal of noise all night long, beating on his cell door,

yelling, cursing, generally making an excessive amount of noise, and keeping other inmates

awake. On or about January 9, 2007, I was handing out breakfast trays when the Plaintiff started

beating on the door and asking for another breakfast tray. I informed the Plaintiff that there were

no extra breakfast trays to give him. When I went to pick up the Plaintiff's breakfast tray, he

started beating on the door again and complained about the jail lights not coming on. I reported

the foregoing observations in an incident report for Captain Davidson's review.

10. Later that day (January 9, 2007), I witnessed Captain Davidson with the Plaintiff

in an outside Jail yard. Captain Davidson was washing the Plaintiff's head with water from a

2

water hose, obviously for decontamination purposes. I did not observe Captain Davidson hit the

Plaintiff with the water hose.

11. There is one video camera in the Jail that would monitor the Plaintiff's cell block

and cell. However, that camera is for monitoring purposes only, and does not record.

12. I affirm, to the best of my present knowledge and information, that the above

statements are true, that I am competent to make this Affidavit, and that the above statements

were made by drawing from my personal knowledge of the situation.

Ronald Smith

**SWORN TO and SUBSCRIBED** before me this _2_ day of March, 2007.

NOTARY PUBLIC

My Commission Expires: _01 - 06 - 11_

3

# EXHIBIT F

## Medical File of Inmate Tony Lamar Pinkard

# NOTES

NAME Pinkard, Tony Lamar ss# 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

DOB: 8/16/73   AGE: 33   SEX:_____   RACE_____

DRUG ALLERGIES: none   TETNUS: _____

NATURE OF PROBLEM OR REQUEST: Hx of asthma,
needs new Rx for inhailor its
out

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____   P 88   R _____   T _____   O2 98 %

ASSESSMENT:

**1/16/07   Lee County Detention Center   Pinkard, Tony   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**

**Assessment:** This 33 y/o black male is here today because he has two concerns. He says he has asthma and needs a prescription for his MDI. He also said that the handcuff was too tight on his right wrist and feels some numbness in his right thumb and forefinger.

**Physical Exam:** he walks with a normal, comfortable gait. He is not completely cooperative. His attitude is not good. Heart: regular. Lungs: clear except for forced expiratory wheezes. Extremities: he does not cooperate with muscle testing by giving a full and sustained effort. He does seem to have strength and movement in the right thumb and forefinger. But he has subjective numbness in the expected area of the radial nerve branch distribution. He also says he's used Ritalin and Melarin in the past to help him sleep.

**Impression:** Right hand neuropathy probably from pressure from handcuff placement. Asthma.

**Plan:** Renew his Albuterol MDI prescription for 2 puffs QID & PRN. We'll recheck him in one week to see how his hand is doing and also to see how much of the MDI he's using. If he's using too much we'll need to put him on something by mouth. We will also get his medical records.

PLAN:

REFER TO: _____ PA/PHYSICIAN_____ MENTAL HEALTH_____ DENTAL_____

SIGNATURE John H McFarland MD TITLE MD   DATE 1-16-01   TIME 0 8??

AM8104894
AL 11404

1

# NOTES

NAME _Pinkard, Tony_ SS# _420.94.5151_

DOB: _8/16/73_ AGE: _33_ SEX: _M_ RACE _B_

DRUG ALLERGIES: _∅_ TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _7/u  =  Wrist_

_____ _from Cuffs_ _____

_____ _____ _____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

HEALTH CARE DOCUMENTATION     WT 182#

SUBJECTIVE:

OBJECTIVE: BP _____ P _101_ R _____ T _____ O2 _948_

ASSESSMENT:

PLAN: _Motrin 500 BID x 20_

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE _MD._ DATE _1/23/07_ TIME _252_

JOHN H McFARLAND MD
AM8104894
AL 11404

1

## NOTES

NAME _Pinkard Tony_ SS# _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_

DOB: _8/16/73_ AGE: _33_ SEX: _M_ RACE _B_

DRUG ALLERGIES: _∅_ TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _Assessment of_
_problem H/o of Asthma J.3 also_
_have a ? on Lt Wrist_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _124/70_ P _88_ R _20_ T _98.6_ O2 _97_

ASSESSMENT: J-3 alert & responsive Skin warm
& dry to touch. Long h/o of asthma. Leave
albuterol inhaler. Stat has asthma all of his
home pills or ... seen Dr. Wesly Williams
in EAMC ER 749-3941 also Dr. Oshmowo
in out @ Doctor. Disposal ER (706) 596-xxxx Col. 6A
Chest J-3 does have wheezing stat no smoking.
Chest of much have a barrel appearance. Stat
Need to have inhaler Dr. no ... albuterol w/s CUSB ...
J-3 c/o Lt wrist ...
... PLAN: ...

REFER TO: _____ R/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE _RN_ DATE _1/15/17_ TIME _1 45_

1

# NOTES

NAME _Pinkard, Tony_ SS# _420.94.5151_

DOB: _7/16/73_    AGE: _33_    SEX: _m_    RACE _B_

DRUG ALLERGIES: _∅_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _7/u I Knot Under_
_Lt arm free. m_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _____

ASSESSMENT:

PLAN:

REFER TO: ___ PA/PHYSICIAN    MENTAL HEALTH    DENTAL

SIGNATURE _____ TITLE _N.S._ DATE _7/4/27_ TIME _5:13_

JOHN H MCFARLAND MD
AM 104894
AL 11404

1

# DOCTORS
## H O S P I T A L

**Health Information Management**

Phone 706-494-4083
FAX 706-494-4053

## FAX TRANSMISSION

To: _LEE County DETENTION_           Date: _____

Fax #: _1334 749 4835_              Number of Pages: _____
                                            (Including cover sheet)

Phone #: _____          From: _____

                                     Phone: _____
Company: _____

| Subject / Patient Name: _PINKARD, TONY_ | | D.O.S. _____ |
|---|---|---|
| **Information Requested:** | | |
| Face Sheet _____ | ER Record _____ | DS _____ |
| H & P _____ | Consult _____ | Nurses Notes _____ |
| Op Note _____ | Path _____ | Progress Notes _____ |
| Other _____ | | |
| Other _____ | | |

Comments: _THERE NO RECORDS FOUND FOR THIS PATIENT_
_____
_____
_____

This message is intended only for the use of the individual of entity to which it is addressed and may contain information that is a privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and return the original message to us at the address below via the U.S. Postal Service.

For Fax Transmission problems, please call (706) 494-4490

616 19th Street  ■  P.O. Box 2188  ■  Columbus, GA 31902-2188

TOTAL P.01

## Emergency Department

**PINKARD, TONY LAMAR - 0000777012**

Result Type: Emergency Department
Result Date: October 29, 2006 11:59 PM
Result Status: Auth (Verified)
Result Title: ED
Performed By: WILLIAMS, WESLEY C on October 29, 2006 11:43 AM
Verified By: WILLIAMS, WESLEY C on November 16, 2006 8:08 PM
Encounter Info: EAMC ER, 10/29/2006 - 10/29/2006

## Emergency Department

**PATIENT NAME:** Pinkard, Tony Lamar

**DATE OF SERVICE:** 10/29/2006

**CHIEF COMPLAINT:** Out of medications and ongoing groin pain.

**HISTORY OF PRESENT ILLNESS:** This 33-year-old male presents to the emergency room for 2 different complaints. First, he is out of his asthma medications and would like a refill. He has moved to Opelika from Roanoke and has not gone back to see his doctor in Roanoke nor has he gotten a new primary provider here in town to take care of his asthma. He does not complain of shortness of breath at this time but only wants a refill.

He also complains of ongoing pain to his groin since suffering an injury 4 days ago for which he was seen here by Dr. McFarland. He fell and had a straddle injury landing on the rung of a ladder. He was evaluated her in the emergency department and found to have no dangerous injury. He was discharged home with 20 Lortab 5's and instructions to follow up with a primary doctor. He has failed to follow up and is getting low on his medications. He complains that his groin still hurts and is more concerned that he is unable to achieve an erection and have intercourse. He denies any dysuria or problems with voiding or bowel movements.

**PAST MEDICAL HISTORY:** Asthma.

**SOCIAL HISTORY:** He lives locally and works in construction.

**REVIEW OF SYSTEMS:** No headache, syncope, fever, chills, chest pain, shortness of breath, abdominal pain, nausea, vomiting or diarrhea. Otherwise negative.

**PHYSICAL EXAMINATION:**
**VITAL SIGNS:** He is afebrile with normal stable vital signs. Oxygen saturation is normal at 98% on room air.

**GENERAL:** This is a 33-year-old male in no acute distress.

Printed by: Moss, Condaleese X
Printed on: 1/11/2007 11:48 AM

Page 1 of 3
(Continued)

**Completed Action List:**
* Perform by WILLIAMS, WESLEY C on October 29, 2006 11:43 AM
* Sign by WILLIAMS, WESLEY C on November 16, 2006 8:08 PM   November 16, 2006 8:08 PM
* Modify by WILLIAMS, WESLEY C on November 16, 2006 8:08 PM
* VERIFY by WILLIAMS, WESLEY C on November 16, 2006 8:08 PM

Printed by:      Moss, Condaleasc X
Printed on:      1/11/2007 11:43 AM

Page 3 of 3
(End of Report)

Emergency Department                    PINKARD, TONY LAMAR - 0000777012

Result Type:        Emergency Department
Result Date:        October 01, 2006 11:59 PM
Result Status:      Auth (Verified)
Result Title:       cd
Performed By:       CROSBY, DELL on October 01, 2006 1.28 PM
Verified By:        CROSBY, DELL on October 02, 2006 6:05 PM
Encounter Info:     EAMC ER, 10/1/2006 - 10/1/2006

**Emergency Department**

Patient Name: Pinkard, Tony Lamar

DATE OF ADMISSION: 10/01/2006

CHIEF COMPLAINT: Shortness of breath.

HISTORY OF PRESENT ILLNESS: The patient is a 33-year-old black male who has a history of asthma. He states he has been short of breath for the last 2-3 days and has come in because of difficulty breathing. He lives about 2-3 miles from the hospital. He states that the only way to get here is to walk, and he had to walk here this afternoon. He was seen yesterday for the same complaint and wanted very much to be admitted but did not meet criteria. Today, his first request is that he be admitted to the hospital. As I am conversing with him about his desire to be admitted, it is objectively apparent that he is not short of breath, and his oxygen saturation on room air is 97%. The patient denies fever. He has had no nausea or vomiting and no diarrhea. He has had no focal numbness or weakness.

PAST MEDICAL HISTORY: Asthma, back pain and pneumonia.

PAST SURGICAL HISTORY: Appendectomy.

CURRENT MEDICATIONS: Fluticasone-albuterol and albuterol. He was prescribed Prednisone yesterday, and he claims he has filled that and is taking it.

ALLERGIES: PENICILLIN, INHALANT ANESTHETICS, SEAFOOD and ENOXAPARIN.

REVIEW OF SYSTEMS: Negative above that mentioned in History of Present Illness. He has had no chest pain.

PHYSICAL EXAMINATION:
GENERAL: Well-developed, well-nourished black male who is in no distress. He is not having any shortness of breath.
VITAL SIGNS: Unremarkable.
HEENT: Unremarkable.

Printed by:     Moss, Condaleese X                              Page 1 of 2
Printed on.     1/11/2007 11:44 AM                              (Continued)

Emergency Department                  PINKARD, TONY LAMAR - 0000777012

HEART: Regular rate and rhythm without a murmur.
LUNGS: There is mild expiratory wheezing but no consolidation. Air exchange is quite good on inspiration and expiration.
EXTREMITIES: Normal without edema. There is no cyanosis.

MEDICAL DECISION MAKING: We will 2 albuterol treatments.

DIAGNOSIS: Asthma with perceived dyspnea.

DISPOSITION: He is to continue his present medications at home, and I will add Singulair to his regimen. I am also giving him the names and numbers of 2-3 local physicians who are taking new patients. I have urged him to get a private doctor to help manage his long-term asthma problems.

JOB #: 587959

DR      J Dell Crosby, MD
TR      gxh
DD:     10/01/2006 1:28 P
DT:     10/01/2006 4.21 P
Doc:    807140
Job#:   000587959
cc:


Signature Line
Electronically Signed By: DELL CROSBY
                    On 10/02/06 18:05


DD: 10/01/06  TD: 13:28


Completed Action List:
• Perform by CROSBY, DELL on October 01, 2006 1:28 PM
• Sign by CROSBY, DELL on October 02, 2006 6:05 PM  October 02, 2006 6:05 PM
• VERIFY by CROSBY, DELL on October 02, 2006 6:05 PM

Emergency Department                              PINKARD, TONY LAMAR - 0000777012

Result Type:          Emergency Department
Result Date:          September 30, 2006 11:59 PM
Result Status:        Auth (Verified)
Result Title:         ED
Performed By:         LEACH, ROBERT N on September 30, 2006 6:22 PM
Verified By:          LEACH, ROBERT N on November 02, 2006 11:24 AM
Encounter Info:       EAMC, ER, 9/30/2006 - 9/30/2006


**Emergency Department**

Patient Name: Pinkard, Tony Lamar


DATE OF SERVICE: 09/30/2006

CHIEF COMPLAINT: Asthma.

HISTORY OF PRESENT ILLNESS: This is a 33 -year-old male with a history of asthma who has
been having asthmatic exacerbations regularly this past few weeks. He was hospitalized on one
occasion for an exacerbation. He was working at the time around some concrete and it was speculated
that perhaps he was sensitive to the concrete dust. He was told to switch jobs. He did so. However, he
has now been on his new job for one week and is working in areas where he is exposed to construction
dust. He comes in now because of another asthmatic exacerbation. He presents with wheezing and
shortness of breath since
Yesterday. He also has some pleuritic pain on the left side. No fever. No cough of significance. He is
out of his albuterol inhaler. He does not have any other medications currently at home.

PAST MEDICAL HISTORY: Asthma and back pain.

SOCIAL HISTORY: He does not smoke tobacco.

REVIEW OF SYSTEMS: He has allergies to penicillin, seafood, and also Lovenox. His last
immunization date is unknown. No weight loss or weight gain. He does not have any substernal pain.
No squeezing or pressure in the chest. No nausea or vomiting. No rashes. No sore throat.

PHYSICAL EXAMINATION:
VITAL SIGNS: Temperature 97.0 degrees, pulse 110, respiratory rate 32, blood pressure 144/77, and
oxygen saturation 100%.
GENERAL: Alert man who is moderately dyspneic and has some audible wheezing. He remains fully
oriented.
HEENT: He has no stridor or upper airway obstruction. His pupils are equal.
NECK: Supple with no jugular venous distention.
CHEST: His chest examination shows bilateral wheezes with increased respiratory effort.
HEART: Rapid, regular.

**Emergency Department**                    **PINKARD, TONY LAMAR - 0000777012**

**EXTREMITIES:** No edema or calf tenderness.

**DIAGNOSTIC STUDIES:**
A chest x-ray showed no apparent pneumonia or pneumothorax.

**Emergency Department**                    **PINKARD, TONY LAMAR - 0000777012**

## MEDICAL DECISION MAKING:

This man presents with an asthmatic exacerbation. This is somewhat aggravated by the fact that he is out of his albuterol. We gave him an albuterol treatment here followed by a one-hour treatment of albuterol. He also got IV steroids. He improved significantly. He was examined again after the initial treatments, and his breathing was much easier. He was no longer short of breath. He did have a few scattered wheezes remaining on the right. He was watched for several hours in the emergency department to make sure he did not suffer a relapse. Prior to his discharge he was given one additional nebulizer treatment. He also was given a new albuterol inhaler with a spacing chamber and instructed on how to use it. I told him to use the inhaler liberally for episodes of wheezing or shortness of breath, and he was given a prescription for steroids to take the next 3 days. He was released in improved condition. There was no indication for admission at that time. He remained afebrile. His respiratory rate prior to release was 20.

**DIAGNOSIS:** Asthma, acute exacerbation.

JOB ID#: 587847

DR:       Robert N. Leach, MD
TR:       dxh
DD:       09/30/2006 6:22 P
DT:       09/30/2006 11:25 P
Doc:      807027
Job#:     000587847
cc

**Signature Line**
Electronically Signed By: ROBERT N LEACH
                    On 11/02/06 11:24

DD: 09/30/06  TD: 18:22

**Completed Action List:**
*  Perform by LEACH, ROBERT N on September 30, 2006 6:22 PM
*  Sign by LEACH, ROBERT N on November 02, 2006 11:24 AM  November 02, 2006 11:24 AM

Emergency Department                    **PINKARD, TONY LAMAR - 0000777012**

* VERIFY by LEACH, ROBERT N on November 02, 2006 11:24 AM

Emergency Department                           **PINKARD, TONY LAMAR - 0000777012**

Result Type:        Emergency Department
Result Date:        August 31, 2006 11:59 PM
Result Status:      Auth (Verified)
Result Title:       ED
Performed By:       STUTTS CRNP, JULIA on August 31, 2006 2:59 PM
Verified By:        STUTTS CRNP, JULIA on September 02, 2006 10:57 AM
Encounter info:     EAMC, ER, 8/31/2006 - 8/31/2006

**Emergency Department**
**PATIENT NAME:** Pinkard, Tony Lamar

**DATE OF SERVICE:** 08/31/2006

**CHIEF COMPLAINT:** Itching.

**HISTORY OF PRESENT ILLNESS:** The patient states he was discharged from the hospital yesterday after being admitted for an exacerbation of asthma. He was given Lovenox while in the hospital and had an allergic reaction with itching and rash. He was given Benadryl. He also was placed on prednisone 40 milligrams a day. He took a Benadryl this morning but continues to itch. Patient states he has had no difficulty breathing. He used his Advair this morning. He denies using his albuterol metered dose inhaler. He denies any difficulty swallowing. No cough.

**PAST MEDICAL HISTORY:** Asthma, allergies.

**PAST SURGICAL HISTORY:** Appendectomy.

**CURRENT MEDICATIONS:** Advair, prednisone 40 milligrams a day and albuterol metered dose inhaler for rescue.

**SOCIAL HISTORY:** He denies tobacco use. He admits to occasional alcohol use.

**REVIEW OF SYSTEMS:** Patient has allergies to PENICILLIN, SEAFOOD, ANOXAPARIN, and some type of INHALED ANESTHETICS. The patient is not diabetic.

**PHYSICAL EXAMINATION:**
**VITAL SIGNS:** Temperature 97.7. Pulse 92. Blood pressure 129/71. Respirations 18. Oxygen saturation 98% on room air.

**GENERAL APPEARANCE:** Well-nourished, well-developed, black male in no acute distress.

**HEENT:** Benign.

Printed by:       Moss, Condaleane X
Printed on:       1/11/2007 11:44 AM

Page 1 of 3
(Continued)

Emergency Department                    PINKARD, TONY LAMAR - 0000777012

**NECK:** Supple. Full range of motion.

**CHEST:** Symmetrical expansion.

**LUNGS:** Bilateral expiratory wheezes throughout.

**HEART:** Regular rate and rhythm without murmur.

**ABDOMEN:** Soft and nontender with active bowel sounds.

**SKIN:** There are some fine wheals noted to the patient's upper back.

**EMERGENCY DEPARTMENT COURSE:** The patient was given a one hour albuterol Atrovent treatment with reassessment after treatment revealing clear lung fields. He was treated aggressively with Solu-Medrol 125 milligrams IV and Benadryl 25 milligrams IV with complete resolution of itching. The patient's current condition was discussed with Dr. Shashi Sharma, his primary care physician, who agrees with treatment.

**ASSESSMENT:**
1.  Asthma with wheezing.
2.  Urticaria with pruritus

**PLAN:** Patient will be placed on Atarax 25 milligrams t.i.d. He is to continue his prednisone. He is encouraged to use his albuterol inhaler as much as needed. Dr. Sharma wants to see the patient in followup in the next few days in the office. Patient says he already has an appointment within the next week. He is to return to the emergency department if his symptoms worsen in any way, if he has any difficulty breathing, any worsening itching or rash, difficulty swallowing, fever, or nausea or vomiting.

Job ID #578796

DP:     Julie Stutts, CRNP
TR:     dxg
DD:     08/31/2006 2:59 P
DT:     08/31/2006 5:09 P
Duc:    796266
Job#    000578796
cc:

**Signature Line**

Printed by:     Moss, Condaleesa X
Printed on:     1/11/2007 11:44 AM

Page 2 of 3
(Continued)

**Emergency Department**                    **PINKARD, TONY LAMAR - 0000777012**

Electronically Signed By: JULIA STUTTS
                    On 09/02/06 10:57

DD: 08/31/06   TD: 14:59

**Completed Action List:**
* Perform by STUTTS CRNP, JULIA on August 31, 2006 2:59 PM
* Sign by STUTTS CRNP, JULIA on September 02, 2006 10:57 AM   September 02, 2006
10:57 AM
* VERIFY by STUTTS CRNP, JULIA on September 02, 2006 10:57 AM

# NOTES

NAME: Pinkard, Tony      SS# 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

DOB: 8/16/73      AGE: 33      SEX: M      RACE: B

DRUG ALLERGIES: none      TETNUS: _____

NATURE OF PROBLEM OR REQUEST: Knot under (L) arm

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

SIGNATURE _____

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE:      BP_____ P_____ R_____ T_____ O2_____

ASSESSMENT:

PLAN:

REFER TO:_____ PA/PHYSICIAN_____ MENTAL HEALTH_____ DENTAL_____

SIGNATURE___John H McFarland MD___ TITLE_____ DATE 3/6/07 TIME 1:39
AM8104894
A 11404



# SHERIFF OF LEE COUNTY

JAY JONES

P.O. BOX 608
OPELIKA, AL 36803-0608



E-mail
lcso@leecountysheriff.org

Phone (334) 749-5651
Fax (334) 749-4835

## Mental Health Consult

Date: 2/6/07

Inmate: Pinlard Tony ___ Cell Assignment: F-3

**Presenting Complaint:**

① States he was on Elavil @ Chambers Co. Jail to help him sleep

② medical records sent fo but no response yet

**Dangerousness to Self or Others: YES or (NO)**

MD or NURSE

I hereby authorize the Lee County Sheriff's Office to use, disclose and/or obtain my health information as follows (check all that apply):

*Doctor's ER*

( ) use the following health information maintained by Lee County Sheriff's Office.

(✓) disclose the following health Information to:

**LEE COUNTY DETENTION CENTER**
P.O. BOX 2407
OPELIKA, AL 36803

(✓) obtain the following health information from: *Troy County Family Medical C.V.S* *Chambers Co. Jail*

Specific description of the health information to be used/disclosed/obtained (include dates of service, type of service, etc.): *Any all info about asthma and any information about prescriptions for mental health medications.*

This health information is used/disclosed/obtained for the purpose (if Authorization requested by the patient put: "At the request of the individual"): *Cont. Tx. t Dr. Labs Ms Farley.*

I understand that this health information may include information regarding drugs and alcohol, human immunodeficiency virus test results, and psychotherapy notes.

If the disclosure is for marketing purposes, will the Lee County Sheriff's Office directly or indirectly receive remuneration for the disclosure of health information? Yes ___ No ___ N/A ✓.

By providing this Authorization, I understand as follows:

I understand that this Authorization is voluntary. I may refuse to sign this Authorization and my treatment and/or payment obligations will not be affected.

1. I understand that this Authorization is voluntary. I may refuse to sign this Authorization and my treatment and/or payment obligations will not be affected.
2. I understand that the health information to be released may be subject to re-disclosure by the recipient of the health information and no longer protected by the Federal Privacy Rules.
3. I understand that I may revoke this Authorization at any time by notifying the Lee County Sheriff's Office in writing, but if I do it will not have any effect on uses or disclosures prior to the receipt of the revocation.
4. I understand that I will receive a copy of this Authorization form after I sign it.
5. I understand that this Authorization will expire on 01 / 09 / 08 (MM/DD/YR) or upon the following event (if for research put "None" or "End of the research study"):_____ If an expiration date is not chosen, this authorization will cease to be valid 90 days from the date of signature.

_____
Signature of Patient or Patient Representative

Date: Jan. 10, 2007

_____
Printed Name of Patient's Representative (if applicable)

**LEE COUNTY DETENTION CENTER**
**NURSING**
PO BOX 2407
OPELIKA, AL 36803-2407

_____
Representative's Relationship to Patient (if applicable)

**LEE COUNTY SHERIFF'S OFFICE**

PATIENT AUTHORIZATION FOR USE AND/OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

**PATIENT INFORMATION**

PATIENT NAME: *Linkard, Tony*

SOCIAL SECURITY NO. *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*

DATE OF BIRTH *08/16/73*



### SHERIFF OF LEE COUNTY

## JAY JONES

P.O. BOX 688
OPELIKA, AL 36803-0688

Phone (334) 749-5651
Fax (334) 749-4835

E-mail:
lcso@mindspring.com

## Lee County Detention Center

## Fax Cover Sheet

**Date:** 1/30/07 — 2/8/07    2/15/07

**Time:** 4:47 A    3:32 pm    4:35 pm

**Attention:** Chamber's Co. Jail    (334) 864-4307

**RE:** Tony Pickard

**Number of Pages:** 2

**From:** Medical Department
Nursing Staff    Kelley

**Phone:** (334) 737-3590 or 3591

**Fax:** (334) 737-3574

## LEE COUNTY SHERIFF'S DEPARTMENT
### RECORD OF MEDICAL EXAMINATION

**PART 1**     To be completed by Corrections Staff (please print clearly)

$\times$ 3

1. Inmate's Name: _Pinkard, Tony_

2. Date of Examination: _2/23/07_

3. Time of Examination: _1200    Noon_

4. Reason treatment was needed _Dental exam + Tx_

5. Did Inmate request treatment? _✓_Yes___No (If yes, place request form in Inmate's file)

6. Was inmate transported from the jail? _✓_Yes___No

7. If yes, to what location? _Dental, ass. D. Botta's Office_

8. Was inmate treated at the jail? _✓_Yes___No

9. Who examined the inmate? _Midland Correctional Care_

10. Corrections Staff Signature and title: _____

---

**PART 2**     To be completed by person examining inmate (Please print clearly)

1. Type of treatment/examination: _Surgical ext #32_

2. Prognosis: _good_

3. Is additional treatment needed? ___Yes_✓_No If so, please specify if other than

medication: _____

4. Medication prescribed: _Lortab 7.5_

5. Special instructions for administration: _____

6. Other special instructions (restrictions of diet, activity, work, etc; observations orders;

other): _____

_2/23/07_        _1:15_        _CHS_
Date              Time         Health Care Provider Signature/ Title

# East Alabama Medical Center
## 2000 Pepperell Parkway
## Opelika, AL 36801
## 334-749-3411

### Confidential Fax Cover Page

**Facsimile Transmission.**
**Confidential Health Information Attached**

**THE DOCUMENTS ACCOMPANYING THIS TRANSMISSION CONTAIN CONFIDENTIAL HEALTH INFORMATION THAT IS LEGALLY PROTECTED. AS THE RECIPIENT OF THIS TRANSMISSION, YOU ARE OBLIGATED TO MAINTAIN IT IN A SAFE, SECURE AND CONFIDENTIAL MANNER.**

Date: _1 / 11 / 2007_    Time: _____

Please deliver the following pages to:

Name: _Lee County_    Fax No: _737 · 3574_

Place: _Detention Center_    Telephone No: _____

This transmittal is being sent by:

Name: _C. Moms_    Fax No:    (334) 528-1598

Place: **EAMC**    Telephone No: (334) 528-2261

Message: _Pinkard Troy_

Number of pages transmitted: [Number of pages, including cover page]: _____

Verification:    Please contact Medical Records Department at 528-2261 to verify the receipt of this facsimile.

THIS FAX IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. UNAUTHORIZED RE-DISCLOSURE OR A FAILURE TO MAINTAIN THE CONFIDENTIALITY OF THE INFORMATION CONTAINED HEREIN COULD SUBJECT YOU TO PENALTIES UNDER STATE AND FEDERAL LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE.

MESSAGE CONFIRMATION

JAN-11-2007 11:21 THU

FAX NUMBER   :   334 749 4835
NAME         :   LEE CO SHERIFF

NAME/NUMBER    :   17064944053
PAGE           :   2
START TIME     :   JAN-11-2007 11:21 THU
ELAPSED TIME   :   00'22"
MODE           :   STD ECM
RESULTS        :   [ O.K ]

SHERIFF OF LEE COUNTY
**JAY JONES**
P.O. BOX 688
OPELIKA, AL 36803-0688

Phone (334) 749-5651
Fax (334) 749-4836

## Lee County Detention Center

### Fax Cover Sheet

Date: _01/11/07_
Time: _11 30_

Attention: _Michael Russells_

RE: _Pinkard, Tony_

Number of Pages: _2_

(706) 494-4053

From: Medical Department
      Nursing Staff
Phone: (334) 737-3590 or 3591
Fax: (334) 737-3574

Datis
EAmy  705-1598

MESSAGE CONFIRMATION                                    JAN-11-2007 11:20 THU

                                        FAX NUMBER   :   334 749 4835
                                        NAME         :   LEE CO SHERIFF

NAME/NUMBER    :   705 598
PAGE           :   2
START TIME     :   JAN-11-2007 11:19 THU
ELAPSED TIME   :   00'20"
MODE           :   STD ECM
RESULTS        :   [ O.K ]

SHERIFF OF LEE COUNTY

**JAY JONES**

P.O. BOX 699
OPELIKA, AL 36803-0699

Phone (334) 749-3631
Fax (334) 749-4835

## Lee County Detention Center

### Fax Cover Sheet

Date: _01/11/07_

Time: _1130_

Attention: _Medical Records_

RE: _Pinkard, Jerry_

Number of Pages: _2_

From: **Medical Department**
      **Nursing Staff**
Phone: (334) 737-3590 or 3591
Fax: (334) 737-3574

_(706) 494-4053_

_Doctor_

_EAMC  705-1598_





# SHERIFF OF LEE COUNTY

## JAY JONES

P.O. BOX 608
OPELIKA, AL 36803-0608

Phone (334) 749-5651
Fax (334) 749-4035

E-mail:
lee@mindsuring.com

# Lee County Detention Center

## Fax Cover Sheet

Date: _01/11/07_

Time: _11 30_

Attention: _Medical Records_

RE: _Pinkard, Tony_

Number of Pages: _2_

(706) 498-405.

From: Medical Department
      Nursing Staff

Doctors

Phone: (334) 737-3590 or 3591

EAMH  705-1598

Fax: (334) 737-3574

# MEDICATION SHEET - ADMINISTRATION RECORD

F & L FORMS #3021 (for A03 print programs)

JAN 0 0 2007

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Albuterol inh 1/16/07 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Naprosyn 500mg i PO BID #20 0 RF   1/23/07 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

|  | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | | |

|  | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | | |

|  | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | |

| Charting For | | Through | | | |
|---|---|---|---|---|---|
| Physician | | | Telephone No | | Medical Record No. |
| Alt. Phys. | | | Alt. Telephone | | |
| Allergies | | | Rehabilitative Potential | | |
| Diagnosis | | | | | Admission Date |
| Medicaid Number | Medicare Number | | Complete Entries Checked: By: ___ | Title: ___ Resident Code | Date: ___ Room No. | Bed | Facility Code |
| Resident | | | Birth Date | | |

# LEE COUNTY DETENTION CENTER
# MEDICAL CHARGE FORM
## (FORM #33)

INMATE NAME _Pinkard Tony_

DATE OF BIRTH _____     RACE/SEX _____

SOCIAL SECURITY# _____     CELL _____

## ***SERVICES & FEES***

☐ **SICK CALL**                    $10.00
☐ **DOCTOR VISIT**                 $10.00
☐ **DENTIST VISIT**                $10.00
☒ **PRESCRIPTION**                 ($3.00)    Inhaler
☐ **FOLLOW-UP VISIT**              N/A

**TOTAL OF MEDICAL SERVICES         $ 3.00
RENDERED**

# MEDICAL VERIFICATION SECTION

Authorized Nursing Staff Signature & Date _____ 2/15/07

Inmate Signature & Date _(copy)_

### Inmate Account Payable Clerk Signature & Date

_____

☐ PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.

☐ PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.

FORM- LCS-DC33 (9/02)

# LEE COUNTY DETENTION CENTER
# MEDICAL CHARGE FORM
## (FORM #33)

INMATE NAME __Pinkard Tony__

DATE OF BIRTH _____        RACE/SEX _____

SOCIAL SECURITY# _____        CELL __F-3__

## ***SERVICES & FEES***

☐ SICK CALL                    $10.00
☒ DOCTOR VISIT                 ($10.00)
☐ DENTIST VISIT                $10.00
☐ PRESCRIPTION                 $3.00
☐ FOLLOW-UP VISIT              N/A

TOTAL OF MEDICAL SERVICES      $ 10.00
RENDERED

# MEDICAL VERIFICATION SECTION

Authorized Nursing Staff Signature & Date _____ 2/6/07

Inmate Signature & Date ____Copay____

## Inmate Account Payable Clerk Signature & Date

☐ PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.

☐ PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.

FORM: LCS-DC33 (9/02)

# LEE COUNTY DETENTION CENTER
# MEDICAL CHARGE FORM
### (FORM #33)

INMATE NAME _Pinkard Tony_

DATE OF BIRTH _____ RACE/SEX _____

SOCIAL SECURITY# _____ CELL _F 3_

## ***SERVICES & FEES***

□ SICK CALL                  **$10.00**
□ DOCTOR VISIT               **$10.00**
□ DENTIST VISIT              **$10.00**
☒ PRESCRIPTION              $3.00  *Naprosyn*
□ FOLLOW-UP VISIT            **N/A**

**TOTAL OF MEDICAL SERVICES** $ 3.00
**RENDERED**

# MEDICAL VERIFICATION SECTION

Authorized Nursing Staff Signature & Date _____ 1/__/.7

Inmate Signature & Date _____ (copay) _____

## Inmate Account Payable Clerk Signature & Date

□ PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.

□ PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.

FORM. LCS-DC13 (9/02)

# LEE COUNTY DETENTION CENTER
# MEDICAL CHARGE FORM
## (FORM #33)

INMATE NAME _Pickard, Troy_

DATE OF BIRTH _____          RACE/SEX _____

SOCIAL SECURITY# _____          CELL _7-3_

## ***SERVICES & FEES***

☐ SICK CALL                              $10.00
☐ DOCTOR VISIT                           $10.00
☐ DENTIST VISIT                          $10.00
☑ PRESCRIPTION _albuterol_          $3.00
☐ FOLLOW-UP VISIT                        N/A

TOTAL OF MEDICAL SERVICES          $ 3
       RENDERED

---

# MEDICAL VERIFICATION SECTION

Authorized Nursing Staff Signature & Date _____ 02/06/07

Inmate Signature & Date _____

## Inmate Account Payable Clerk Signature & Date

---

☐ PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.

☐ PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.

# LEE COUNTY DETENTION CENTER
# MEDICAL CHARGE FORM
## (FORM #33)

INMATE NAME _Dickard Tony_

DATE OF BIRTH _____      RACE/SEX _____

SOCIAL SECURITY# _____      CELL _F - 3_

## ***SERVICES & FEES***

☐ SICK CALL                    $10.00
☐ DOCTOR VISIT                 $10.00
☐ DENTIST VISIT                $10.00
☒ PRESCRIPTION                 $3.00    cream
☐ FOLLOW-UP VISIT              N/A

TOTAL OF MEDICAL SERVICES      $ _____
RENDERED

# MEDICAL VERIFICATION SECTION

Authorized Nursing Staff Signature & Date _____

Inmate Signature & Date _____

## Inmate Account Payable Clerk Signature & Date

☐ PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.

☐ PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.

## Lee County Detention Center
# INMATE REQUEST SLIP

F-3
**LOCATION**

Name _____ Date Jan. 11, 2007

☐ Telephone Call  ☐ Doctor  ☐ Dentist  ☐ Time Sheet

☐ Special Visit  ☐ Personal Problem  ☑ Other

Briefly Outline Your Request. _Give To Jailer_

I Am Requesting to Get My Albuteral
Inhaler Refiled. I do not have any more.
This one I have hade it about one Month
and a week. It is the,

Albuteral Inhalation
Aerosol

Thank you    179    200 Metered Inhalations

Do Not Write Below This Line - For Reply Only

1/12/07  Hydrocortisone Cream 1%
X 1  tube admin @ 9:A

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

·Lee County Detention Center·

# INMATE REQUEST SLIP

F-3
_____
LOCATION

Name _Tony Lamar Kimbrough Jr_    Date _Jan, 15, 2007_

☐ Telephone Call    ☐ Doctor    ☒ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☒ Other

Briefly Outline Your Request. Give To Jailer

I Am Requesting to go to A Dentist ASAP
my Bari's to Broke off in my gum Sunday
night when I was eating some corn Chips.
It has my whole side of my face hurting
on the right side. Please Make me an appointment
Please.

Do Not Write Below This Line - For Reply Only

1 15 07 you have been placed on the
dental list

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Lee County Detention Center
# INMATE REQUEST SLIP

F-3
**LOCATION**

Name _Tory B. nKwd_     Date _Jan 16, 2007_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☒ Other

Briefly Outline Your Request. Give To Jailer

_I Am Requesting For Some IBProfen_
_or Sonthin._

Do Not Write Below This Line - For Reply Only

_1/16/07  9AM  Tylenol 500mg X2_
_admin  BY_

Approved       Denied       Collect Call

## Lee County Detention Center
# INMATE REQUEST SLIP

F-3
**LOCATION**

Name _Tony Lamar Barbour Sr._    Date _January 27, 2007_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I Am Requesting ~~this~~ to know About my
Other Medication from Chambers County.
I Cant ~~to~~ Sleep and my Lower back is
hurting from Jumping up and down off of that
rock. I would like to See the Doctor

Do Not Write Below This Line - For Reply Only

~~Request~~ faxed to Chamber's county for
Medical Records, no response
yet

Nurse Griffith

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

_e County Detention Center

# INMATE REQUEST SLIP

E-3
LOCATION

Name _Tory Lamar Polled_                     Date _January 28, 2007_

☐ Telephone Call     ☐ Doctor     ☒ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☐ Other

Briefly Outline Your Request. **Give To Jailer**

I want to know when to will I got
to the Dentist my back tooth is hurting
very badly. Every time I eat my tooth
start bleeding and hurting very bad.
I need some I B Profine of something
Please.
                                    Thank you

Do Not Write Below This Line - For Reply Only

already on dental list

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

Lee County Detention Center
# INMATE REQUEST SLIP

F-3
**LOCATION**

Name Tony Pinkwd _____ Date Feb. 1, 2007

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. **Give To Jailer**

I Am Requesting to see the Doctor for
Personal Problems and other reasons.

_____

_____

_____

_____

_____

**Do Not Write Below This Line** - For Reply Only

2/3/07   On   Dr. List for 2/6/07
                 Nurse G____

_____

_____

_____

_____

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

## Lee County Detention Center

# INMATE REQUEST SLIP

F-3
**LOCATION**

Name _Terry Pinkard Sr_   Date _Feb 3, 2007_

☐ Telephone Call   ☒ Doctor   ☐ Dentist   ☐ Time Sheet

☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. Give To Jailer

I need to see a Nurse or Doctor about
my left arm. It's a big noise under my
arm and It hurts like crazy.
Can I get some IBProfin Please. Thank you

2/4/07

Do Not Write Below This Line - For Reply Only

2/6/07   Dr. list
         Nurse Griffith

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

## Lee County Detention Center
# INMATE REQUEST SLIP

F-3
**LOCATION**

Name _Tony Lamar Pinkard_    Date _Feb. 8 2007_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I am requesting for some more
Hydrocortisone 1% Cream Antipuritic
Anti-Itch.

Thank You

Do Not Write Below This Line - For Reply Only

2/7/07 Sent

Nurse Griffith

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

## ...e County Detention Center
# INMATE REQUEST SLI▪

F-3
**LOCATION**

~~James Jones Mcdonald Jr~~ Date Feb. 14, 2007

☐ ...hone Call      ☑ Doctor      ☐ Dentist      ☐ Time Sheet

☐ ...ial Visit      ☐ Personal Problem      ☐ Other

Outline Your Request. <u>Give To Jailer</u>

McFarland I am Requesting for A copy of my
...ical Chart for my personal legal use. It is
The United States District Court of Montgomery
...dose ont have any thing to do with you or your
F members. If there is another way I can to get
...t this Mediclist me learn insted of having to go
...gh Montgomery Federal Court. Thank you
...uld like to See the Doctor personal Request

...t Write Below This Line - For Reply Only

To Nurse 2/14/07 2
...4/07 Saw the doctor today. May
...through proper channels to
...tain his records. Signed HIPPA
...ease from another doctor o
...s lawyer      ~~Nurse Griffin~~

...ived _____ Denied _____ Collect Call _____

· Lee County Detention Center
# INMATE REQUEST SLIP

E-3
**LOCATION**

Name Tony Lamar Pinllard Sr    Date Feb 16, 2007

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. Give To Jailer

I Am Requesting to get my Albuterol
Inhaler refild Please & I ran it on January
17, 2007. It is 17g 200 M---- Inhalation
Thank you very Much

RX # 6517322

Do Not Write Below This Line - For Reply Only
2/17/07  OK
Nurse Griffith

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail. Then Forwarded To
Those The Request is Directed

## Lee County Detention Cente

# INMATE REQUEST SLIP

F-3
**LOCATION**

Name Tony Lamar Pinkard Sr.              Date Feb 22 2007

☐ Telephone Call    ☐ Doctor    ☒ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I Am Requesting to See a Dentist or a
Doctor As Soon As I Can because anouner place
of my back tooth has broken off and its
hurts very bad could you let me know If
I can see a Dentist Soon I would Appriciate
It very much. I need Some Ibprofine
and Some Oragel

Do Not Write Below This Line - For Reply Only

2/23/07  Went to Dentist today
Nurse Snfger

Approved _____ Denied _____ Collect Call_____

IF Im going to get charged
I would like to be took care
of properly. Paying for a Doctor
visite and not getting nothing done
is rediculous and unprofessional.
I under stant we violated the
law but we are still are humans.
There are other action can be
taken. I will not sit back here
sick three or four weeks untile
something gets done. I would
Appreciate it very much if I
could get something for this
cold befor it get any worse Please

Lee County Detention Cen'

# INMATE REQUEST SLIP

E-3
**LOCATION**

Name _Tony Tom Villard Sr._    Date _February 2707_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. Give To Jailer

I Am Requesting to See a Doctor or to be
put on Some Antibiotics. My nose nose
is running my throat is hurting very badly and
other peoples is very Sick in this cell blocks.
This common cold can turn in to Something
els because this cell block is unsanitary and not
clean properly and there is not one vent is controlled
air flowing in. This aint good for my Asthmas

Do Not Write Below This Line - For Reply Only

2/24/07

Depone    x 7 days,    knit
element,    al    Glucat...
Sheet    Sam

Nurse Stewart

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

' Lee County Detention Cent(

# INMATE REQUEST SLIP

F - 3

**LOCATION**

Name _Tony Pinkard Sr_          Date _February 26,2007_

☐ Telephone Call     ☐ Doctor          ☒ Dentist          ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem          ☐ Other

Briefly Outline Your Request. **Give To Jailer**

I Am Requesting to See the Dentist for
my back tooth on the left Side in the
top a peace broke off and Its hurting
like crazy. They was going to Pull it the last
time but I was on the other Side. So they
told me to Sign back up for the
Dentist. I want to see the
Docter Soon as I can. Thank you

Do Not Write Below This Line - For Reply Only

2/27/07   Placed Back on
Dental List

Nurse Stewart